# COUNTY OF FREEBORN v. DELMON CLAUSSEN.

203 N. W. 2d 323.

December 15, 1972—No. 43326.

*Robert C. Tuveson,* County Attorney, and *Bob A. Goldman,* Assistant County Attorney, for appellant.

*Christian, Slen, Savelkoul, Johnson & Brogerg* and *Rolf O. Slen,* for respondent.

*Louis W. Claeson, Jr.,* for League of Minnesota Municipalities, amicus curiae.

MacLAUGHLIN, JUSTICE.

This is an appeal by Freeborn County from a denial of a mo-

tion for a new trial. The county commenced an action to restrain defendant, Delmon Claussen, from constructing a building on his land. A preliminary restraining order was issued and the case was heard on the merits. The trial court ruled against the county and dismissed the complaint with prejudice. We reverse.

In 1964, defendant purchased from his parents an 8.78-acre tract of property in Bancroft Township, Freeborn County. Since about 1953, both defendant and his father before him have continuously used the land for the outdoor storage and repair of earth-moving equipment. In 1961, the township enacted a zoning ordinance which zoned defendant's land residential. In 1967, the township ordinance was superseded by the zoning ordinance of Freeborn County, but defendant's land continued to be zoned residential. Under both ordinances the use of the open land to store, repair, and maintain earth-moving equipment was a valid nonconforming use.

The general area surrounding defendant's property is zoned residential with two small commercially zoned areas containing a motel and a nursery. Southeast of the land is public lakeshore property usable for parks and schools. Defendant's brother conducts a similar business, which is also a nonconforming use, on adjacent property.

In about July 1969, defendant began work on a building to enclose the storage and repair of earth-moving equipment, which he was then conducting in the open. In October 1969, a county official informed defendant that his construction was in violation of the county zoning ordinance. In November 1969, defendant petitioned the Freeborn County Board of Commissioners and the County Planning Advisory Commission for a rezoning of his property from residential to M-1, light manufacturing. The Planning Advisory Commission recommended denial of rezoning in January 1970; and the county board, through its inaction, adopted the recommendation and denied the petition. Despite the denial, and with full knowledge of it, defendant recommenced construction and spent in excess of $2,000 on materials in addi-

tion to his own labor. The building has not yet been completed.

■ The county argues that defendant should have taken a direct appeal to the district court from the action of the county board denying his petition to rezone and that, in the absence of such appeal, he is precluded from raising the defense that the county zoning ordinance, as applied to him, is unconstitutional. We disagree with this contention and adopt the reasoning of County of Lake v. MacNeal, 24 Ill. 2d 253, 181 N. E. 2d 85 (1962). That case involved somewhat similar facts, and the same contention was made that the defendant should have pursued his claim of unconstitutionality through an appeal from the legislative determination rather than as a defense in a separate action commenced by the county. The Illinois court stated (24 Ill. 2d 260, 181 N. E. 2d 90):

"* * * So long as local authorities institute an action, a defendant should be entitled to defend on the ground of the invalidity of the ordinance and to have the issue determined. If it were to be otherwise, the result could be that judicial machinery would be used to enforce an ordinance that is unconstitutional."

We do not condone the action of defendant in continuing the construction of the building after the denial of his rezoning petition, but we conclude that he should not be deprived of the right to raise constitutional issues in defending this action.

■ An important question, and one of first impression in Minnesota, is whether the construction of the building was an expansion or extension of the nonconforming use.

The Freeborn County Zoning Ordinance, § 4.23, provides:

"The nonconforming use of land where a structure thereon is not so employed, existing at the time that this Ordinance becomes effective, may be continued provided: 1. The nonconforming use of land shall not *in any way be expanded or extended* either on the same or adjoining property. 2. That if the nonconforming use of land, existing at the time this Ordinance became effective, is thereafter discontinued or changed, then the future

use of such land shall be in conformity with the provisions of this Ordinance." (Italics supplied.)

A residential zoning ordinance may constitutionally prohibit the creation of uses which are nonconforming, but existing nonconforming uses must either be permitted to remain or be eliminated by use of eminent domain. Hawkins v. Talbot, 248 Minn. 549, 80 N. W. 2d 863 (1957). It is not required, however, that preexisting nonconforming uses be allowed to expand or enlarge. The public policy behind that doctrine is to increase the likelihood that such uses will in time be eliminated due to obsolescence, exhaustion, or destruction. This in turn will lead to a uniform use of the land consistent with the overall comprehensive zoning plan.

We have found no Minnesota cases directly in point, but there are cases from other jurisdictions that are helpful. In Shannahan v. Ringgold, 212 Md. 481, 129 A. 2d 797 (1957), the landowners had erected a large warehouse, proposing to use the ground floor for storage of equipment, vehicles, and machinery—the same uses to which the open land had been put prior to the erection of the building. The business was in a residentially zoned area but was a valid nonconforming use. The zoning ordinance was no more restrictive than the one involved here. The Maryland Court of Appeals stated that they could find nothing in the ordinance that would permit the use of the new building merely because a similar use had been established on open land and held that the construction of a new building was an unlawful extension of a nonconforming use.

Weber v. Pieretti, 72 N. J. Super. 184, 178 A. 2d 92 (1962), involved an addition to an existing building. The contention was that the addition was designed to park trucks and to carry on the same activities which were formerly conducted in the precise open area in which the addition was to be built and that, therefore, it was not an extension of the nonconforming use. The New Jersey court held that the construction of a building to house an

outdoor nonconforming use constituted an enlargement of such use.

In addition to the storage of earth-moving equipment, defendant's valid nonconforming use includes repair and maintenance of the equipment. The harshness of Minnesota winters implies that much repair and maintenance work can be done in a building when similar work cannot be done outside. The building would no doubt facilitate defendant's operations in other ways.

An addition to an existing building is clearly an extension or expansion of a prior nonconforming use. In our judgment, construction of a building where none existed before constitutes an expansion of a nonconforming use in the same manner as an addition to an existing building. Furthermore, the building will prolong the continuation of the nonconforming use and considerably lessen the likelihood that it will be eliminated in the foreseeable future.

Defendant cites Pennsylvania cases to support his contention that the erection of the building is not an expansion or extension of his nonconforming use.[1] We have considered those cases and decline to follow them.

We hold that the construction of this building to house the outdoor nonconforming use constitutes an expansion and extension of that use and is in violation of the ordinance.

■ The trial court found that the denial of defendant's petition to rezone bore no reasonable relationship to public health, safety, or public welfare, and constituted a deprivation without due process of law of defendant's constitutional rights to full enjoyment of his property.

Several well-established principles control the determination of this question. This court has established that before the exercise of the police power can be held unconstitutional, it must be found that it has no substantial relationship to public health, safety, morals, or general welfare. Naegele Outdoor Advertising

---

[1] E. g., Eitnier v. Kreitz Corp. 404 Pa. 406, 172 A. 2d 320 (1961); In re Peirce Appeal, 384 Pa. 100, 119 A. 2d 506 (1956).

Co. v. Village of Minnetonka, 281 Minn. 492, 162 N. W. 2d 206 (1968). The burden of proof is upon defendant to establish that the legislative body has acted arbitrarily or unreasonably and that there is no substantial relationship to the public health, safety, morals, or welfare. What best furthers public welfare is a matter primarily for determination by the legislative body concerned. State ex rel. Howard v. Village of Roseville, 244 Minn. 343, 70 N. W. 2d 404 (1955). Even where the reasonableness of a zoning ordinance is debatable or where opinions differ as to the desirability of the restriction it imposes, the courts are not to interfere with the legislative discretion. We said in State v. Modern Box Makers, Inc. 217 Minn. 41, 47, 13 N. W. 2d 731, 734 (1944):

"Defendant finally contends that the ordinance is arbitrary and unreasonable in its application to the property here involved. * * * The general rule is that if reasonableness of an ordinance is debatable, courts will not interfere with the legislative discretion."

The trial court placed considerable emphasis on the fact that defendant's brother conducts a similar nonconforming business adjacent to the subject premises, and that enclosing within a building that which was formerly performed in the open will be aesthetically beneficial to the area. While these factors may create some doubt about the reasonableness of the enforcement of the ordinance in this case, we cannot agree that they are sufficient to overcome the presumption that the legislative body has acted reasonably and in a manner consistent with the general welfare of the community.

We have held many times that residential zoning is a valid exercise of the police power, is in the public interest, and advances the public welfare. State ex rel. Beery v. Houghton, 164 Minn. 146, 204 N. W. 569, 54 A. L. R. 1012 (1925), affirmed per curiam, 273 U. S. 671, 47 S. Ct. 474, 71 L. ed. 832 (1927); State ex rel. Howard v. Village of Roseville, *supra*; State v. Modern

Box Makers, Inc. *supra*; Naegele Outdoor Advertising Co. v. Village of Minnetonka, *supra*. There is no evidence that the establishment of this residential area was unreasonable or that it was not in the public interest. Similarly, a careful review of the record reveals no substantial evidence to support the finding that the enforcement of the ordinance is unconstitutional as to defendant. Defendant is entitled to continue his present nonconforming use in the same manner and to the same extent that it was operated at the time the zoning ordinance went into effect. However, the enforcement of the ordinance will enhance the possibility that defendant's nonconforming use will eventually be phased out. This is a reasonable means to the end of establishing a uniform residential area.

The issues involved in this case are novel and unusual, and it is obvious from the record that the trial court has spent considerable time and effort in attempting to resolve them. However, it is our opinion that the attempted construction of a building on defendant's land was an expansion and extension of the nonconforming use and that the enforcement of the ordinance against defendant is not unconstitutional. Therefore, we reverse.

It appears from the record that defendant asserts that the land cannot be used for residential purposes and that, therefore, it is unconstitutional to deprive him of the right to have the land rezoned. An offer of proof was made, but objection to it was sustained by the trial court and no finding was made on that question. If, in fact, the land cannot be used for residential purposes, it may well be an unconstitutional taking without due process of law to deny defendant the right to rezone. We reverse the trial court without prejudice to the right of defendant to petition again for rezoning on the ground that the land is not suitable for use for residential purposes. In the event defendant petitions for rezoning, all proceedings should be stayed until a final determination is made on the petition.

Reversed.