**APPLE VALLEY RED–E–MIX, Respondent,**

v.

**The CITY OF ST. LOUIS PARK, Appellant.**

**No. C4–84–642.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

Gerald S. Duffy, Jeffrey G. Stephenson, Peterson, Tews & Squires, St. Paul, for respondent.

Wayne G. Popham, Desyl L. Peterson, Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, for appellant.

Heard, considered and decided by WOZ-NIAK, P.J., and FORSBERG and LESLIE, JJ.

**OPINION**

FORSBERG, Judge.

Apple Valley Red-E-Mix (Red-E-Mix) commenced a declaratory judgment action seeking to determine that a 1973 zoning ordinance amendment was invalid insofar as it provided for the elimination of ready mix plants as a permitted use in the industrial zones of the city. The City (St. Louis Park) argues that it has such authority. The City also contends in its brief that improvements to the plant were made which violate that section in the zoning code prohibiting the expansion of nonconforming uses. However, this issue was not litigated in the trial court.

**FACTS**

Red-E-Mix is the owner of a ready mix facility which was originally constructed in 1954. In 1959, the City of St. Louis Park passed a zoning code which in part provid-ed that a ready mix plant would be permitted in the industrial zone only if it were issued a special use permit. The ordinance also provided that a special permit would not be granted if the plant were within 400 feet of a residential district. The ready mix plant was located within 400 feet of a residential district and therefore was not granted a special permit. Thus, the facility was a pre-existing nonconforming use.

In 1973, the City adopted an extensive amendment to the zoning code implementing changes in policy and industrial land use designation. The ordinance eliminated 29 industrial uses as permitted uses in the City. One such use is a ready mix and concrete block plant.

On or about May 1981, Red-E-Mix engaged in certain activities at the plant which the City characterized as improvements. On November 6, 1981, the City and Red-E-Mix entered into a stipulation which would allow Red-E-Mix to complete the alleged improvements, and, if Red-E-Mix's operation were held to be a nonconforming use, to vacate the premises within six years. Red-E-Mix repudiated the agreement prior to trial. The City claims that it failed to ask for relief in its counterclaim because it relied on the agreement.

**ISSUE**

Whether the 1973 St. Louis Park zoning amendment was void and unenforceable as to the Apple Valley Red-E-Mix plant.

**ANALYSIS**

The court made the following conclusions of law and order for judgment:

CONCLUSIONS OF LAW

1. The City Council failed to record sufficient reasons for eliminating ready-mix plants through the 1973 industrial zoning amendments. This failure is prima facie arbitrary.

2. Additional evidence, which was not in the City Council's record but was offered by the City at trial to justify the Council's decision, was not sufficient to

prove that the zoning amendments were rationally related to promoting the public health, safety, morals, or general welfare.

3. The 1973 St. Louis Park zoning amendments insofar as they are applicable to the plaintiff, Apple Valley Red-E-Mix, are void and uneforceable.

## ORDER FOR JUDGMENT

IT IS HEREBY ORDERED:

1. That plaintiff, Apple Valley Red-E-Mix, be and is hereby permitted to fully operate its ready-mix facility at 3270 Gorham Avenue in the City of St. Louis Park as a pre-existing non-conforming use. This includes maintenance, repairs and improvements to the present facility.

2. That the 1973 changes in the St. Louis Park zoning ordinance are void and unenforceable as they pertain to ready-mix operations in general and plaintiff's ready-mix operation in particular.

Because there is no allegation in the City's counterclaim that Red-E-Mix improperly expanded its nonconforming use, the only question before the court is whether the zoning amendment of 1973 prohibiting the existence of a ready mix operation in certain areas of the city (including the area where respondent is located) required Red-E-Mix to close its operation.

Absent a court determination that the ready mix plant is a public nuisance or a nuisance per se, a city simply cannot legislate a business out of existence. *Robinson v. Westman*, 224 Minn. 105, 29 N.W.2d 1 (1947). *See County of Freeborn v. Claussen*, 295 Minn. 96, 99, 203 N.W.2d 323, 325 (1972), *Hawkins v. Talbot*, 248 Minn. 549, 551, 80 N.W.2d 863, 865 (1957). Whether a city can generally eliminate a certain industrial use within its geographic boundaries without showing that the use is injurious to the public health, safety, or welfare is an issue we need not determine in this case.

We uphold the trial court's determination that the zoning amendment is void and unenforceable as it applies to respon-

dent. Because the issue of whether the expansion of the nonconforming use is proper was not before the trial court, it is ordered that paragraphs 1 and 2 of the conclusions of law and the last sentence of paragraph 1 of the order for judgment be deleted.

## DECISION

Affirmed as modified.