Barbara Telander FORE, Appellant,

v.

HEALTH DIMENSIONS,
INC., Respondent.

No. C2–93–1134.

Court of Appeals of Minnesota.

Dec. 14, 1993.

JoMarie Alexander, Laura J. Zdychnec, Henningson & Snoxell, Ltd., Brooklyn Center, for appellant.

Robert C. Lindig, Mora, for respondent.

Considered and decided by PARKER, P.J., and SCHUMACHER and AMUNDSON, JJ.

## OPINION

SCHUMACHER, Judge.

Barbara Telander Fore appeals from the district court's order denying her motion for a new trial, contending that respondent Health Dimensions, Inc. should have been strictly liable for its supervisor's acts of sexual harassment, knowledge of the supervisor's acts with other employees should have been imputed to Health Dimensions, and Health Dimensions breached its duties to prevent sexual harassment and to take timely and appropriate action. We affirm.

## FACTS

Health Dimensions managed Villa Health Care Center (Villa), a nursing home in Mora, Minnesota. Charles Roger Huyink was Villa's administrator. He had authority to hire

and fire personnel. Fore was a licensed practical nurse at Villa. Neither Health Dimensions nor Villa had a sexual harassment policy.

Fore alleged that on Wednesday, June 21, 1989, Huyink revealed intimate details of his sex life to her and asked her twice if she would be interested in taking nude photographs of him. She further alleged that on Friday, June 23, 1989, she reported to work and discovered a letter from Huyink in which he repeated his request. Fore immediately contacted her attorney, Jeff Bangma. That weekend, Bangma notified Robert D. Sundberg, vice-president of Health Dimensions, of the incidents. On Monday, June 26, 1989, Dale Thompson, president of Health Dimensions, Sundberg, Bangma and Fore met to discuss the problem. Later that evening, Bangma called and told Fore that Huyink was no longer employed by Health Dimensions.

Fore sued Health Dimensions for sexual harassment, and the case was tried by the court without a jury. Three women testified about incidents with Huyink that occurred before Fore's encounter with him. The first woman testified that she had a consensual sexual relationship with Huyink beginning in early 1988 and lasting about one year. She stated that after their affair ended, Huyink pressured her to resume the relationship and became more demanding and critical of her work.

The second woman testified that in February or March of 1989 Huyink left a note on her desk complementing her on her appearance and inquiring if she had any feelings for him. She told him she thought the inquiry was inappropriate and not to approach her again.

The third woman testified that she "felt" Huyink leering at her while she bent over to get candy out of a vending machine. She stated that she would have reported the incident had there been a sexual harassment policy in place.

After hearing the evidence, the district court found that the incidents with the other women did not constitute sexual harassment and therefore knowledge of the incidents was not imputable to Health Dimensions. The court, however, concluded that Fore had been sexually harassed on June 21, 1989, that knowledge of the harassment was imputed to Health Dimensions at the time it occurred, but that Health Dimensions took timely and appropriate action to end the harassment by demanding Huyink's resignation. The court entered judgment in favor of Health Dimensions. Fore moved for amended findings or a new trial; the motions were denied.

## ISSUE

Is an employer liable for acts of sexual harassment perpetrated by its supervisor where, within five days of imputed notice and within the next working day after receiving actual notice of the harassment, it forces the supervisor to resign?

## ANALYSIS

This court will not reverse a denial of a motion for a new trial absent a clear abuse of discretion. *Eklund v. Lund,* 301 Minn. 359, 362, 222 N.W.2d 348, 351 (1974). The district court's findings of fact will not be disturbed unless they are clearly erroneous. Minn.R.Civ.P. 52.01. "This deference is especially strong in employment discrimination cases." *Kay v. Peter Motor Co.,* 483 N.W.2d 481, 483 (Minn.App.1992) (citing *Sigurdson v. Isanti County,* 386 N.W.2d 715, 721 (Minn.1986)). Questions of law, however, are reviewed de novo. *County of Lake v. Courtney,* 451 N.W.2d 338, 340 (Minn.App. 1990), *pet. for rev. denied* (Minn. Apr. 13, 1990).

Fore contends that an employer without a sexual harassment policy in place should be strictly liable for a supervisor's acts of harassment. We disagree. First, the statute defining sexual harassment does not impose liability in strict liability terms. The statute provides:

"Sexual harassment" includes unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other verbal or physical conduct or communication of a sexual nature when:

\* \* \* \* \* \*

(3) that conduct or communication has the purpose or effect of substantially interfering with an individual's employment, * * *; and in the case of employment, the employer *knows or should know* of the existence of the harassment and fails to take timely and appropriate action.

Minn.Stat. § 363.01, subd. 10a (1988) (emphasis added). The statute makes no distinction between a supervisor's or co-employee's acts of harassment nor does it mention sexual harassment policies.

Second, when analyzing claims under the Minnesota Human Rights Act, this court often looks for guidance to principles derived from Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. *Sigurdson,* 386 N.W.2d at 719. The United States Supreme Court held that employers are not automatically liable for their supervisors' acts of sexual harassment under Title VII. *Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 71, 106 S.Ct. 2399, 2408, 91 L.Ed.2d 49 (1986).

■ This court has repeatedly held that, in order to establish a prima facie case of harassment against an employer, the plaintiff must establish that the employer knew or should have known of the harassment. *Johnson v. Ramsey Co.,* 424 N.W.2d 800, 808 (Minn.App.1988), *pet. for rev. denied* (Minn. Aug. 24, 1988); *Klink v. Ramsey Co.,* 397 N.W.2d 894, 901 (Minn.App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987). Thus, an employer is not strictly liable for the acts of harassment perpetrated by one of its supervisors. *Cf. Tretter v. Liquipak Int'l, Inc.,* 356 N.W.2d 713, 715 (Minn.App.1984) (employer liable where knew or should have known of supervisor's acts of harassment but did not discipline supervisor or improve victim's work environment).

■ Next, Fore argues that the district court erred by failing to impute knowledge of Huyink's acts with the three other women. Fore contends that if knowledge of the other acts were imputed to Health Dimensions, it had an obligation to act before Fore was harassed. The district court, while imputing knowledge of Huyink's acts with Fore, found that all of the other incidents did not rise "to the level of sexual harassment, the knowl-

edge of which should be imputed to Health Dimensions."

■ In *McNabb v. Cub Foods,* 352 N.W.2d 378, 383 (Minn.1984), a manager's knowledge that an employee was being harassed by a co-employee was imputed to the employer. This court extended the concept to cover situations where the supervisor gained knowledge of the harassment by being the actual perpetrator of the harassment. *Tretter,* 356 N.W.2d at 715. There is, however, no bright-line rule on imputation in sexual harassment cases. *Weaver v. Minnesota Valley Labs. Inc.,* 470 N.W.2d 131, 134–35 (Minn.App.1991) (refusing to impute knowledge of sexual harassment where employer had sexual harassment policy in place). This court reviews the issue on a case-by-case basis. *Id.*

■ Here, the district court found that the acts, when examined individually, did not constitute sexual harassment. These findings are not clearly erroneous. *See Klink,* 397 N.W.2d at 901 ("language and conduct must be examined by looking at the nature, frequency, intensity, location, context, duration, and object or target"). The district court, however, must examine all of the circumstances to determine whether actionable sexual harassment exists. *Id.; see also Harris v. Forklift Sys.,* —— U.S. ——, ——, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993) (all circumstances must be examined in hostile work environment cases brought under Title VII). Thus, the district court must also look at the incidents collectively to see if discrimination has occurred. *See Johnson,* 424 N.W.2d at 810 (Minn.App.1988) (conversations, mind games, mannerisms, and overtures considered together and individually in evaluating sexual harassment claim).

The district court did not specifically review the occurrences as a whole, but did indicate that sexual harassment did not occur until Huyink approached Fore on June 21, 1989. Because the acts with other employees, individually or taken together, were not sexual harassment, there was no knowledge of harassment to impute to Health Dimensions, and it had no obligation to act before Fore was harassed.

Fore argues that Health Dimensions breached its duty to prevent harassment. The statutory scheme is not preventative, but is remedial in nature. *See* Minn. Stat. § 363.03, subd. 1(2)(c) (1988); Minn. Stat. § 363.01, subd. 10a(3). An employer has no duty to maintain a pristine work environment. *Continental Can Co. v. State,* 297 N.W.2d 241, 249 (Minn.1980). The employer must take prompt and appropriate action to correct the harassment once the employer knows or should have known of the harassment. *Id.; McNabb,* 352 N.W.2d at 384; *Klink,* 397 N.W.2d at 901. Thus, Health Dimensions had no duty to prevent the harassment of Fore where, as here, it had no prior knowledge of other harassment.

Finally, Fore asserts that Health Dimensions breached its duty to take timely and appropriate action in response to Huyink's acts of harassment against her. An employer may escape liability for its supervisor's acts of sexual harassment if it takes timely and appropriate remedial action. *Tretter,* 356 N.W.2d at 715. Appropriate remedial actions include enacting an anti-harassment policy, transferring an employee to another shift, or threatening to take or taking disciplinary action. *Id.* at 715–16 (citing *McNabb,* 352 N.W.2d at 384).

Health Dimensions, within a few days of receiving notice of Huyink's activities, forced Huyink to resign. This is among the strongest disciplinary action that could be taken, and since Huyink was the only source of harassment, remedied the harassment. *Cf. Davis v. Tri–State Mack Distribs., Inc.,* 981 F.2d 340, 343 (8th Cir.1992) (employer is not required to fire harasser, but must take action reasonably calculated to end harassment). Thus, we affirm the district court's findings that Health Dimensions was not liable for Huyink's acts.

## DECISION

The district court did not abuse its discretion by denying the motion for a new trial because Health Dimensions took prompt remedial action to end harassment perpetrated by its supervisor and therefore was not liable under Minn.Stat. § 363.03, subd. 1(2)(c).

**Affirmed.**