Mary Pallansch HOLT, et al., Appellants,

v.

CITY OF SAUK RAPIDS,
et al., Respondents.

No. C5–96–1935.

Court of Appeals of Minnesota.

Feb. 25, 1997.

Review Denied April 24, 1997.

Marshall H. Tanick, Teresa J. Ayling, Mansfield & Tanick, P.A., Minneapolis, for Appellants.

Pierre N. Regnier, Cara J. Debes, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, for Respondents.

Carla J. Heyl, John C. Keller, League of Minnesota Cities, St. Paul, Amicus Curiae.

Considered and decided by NORTON, P.J., and HUSPENI and FOLEY,* JJ.

## OPINION

HUSPENI, Judge.

Appellants, both dog owners, seek reversal of the district court's denial of their request for attorney fees after the court declared unconstitutional respondent municipality's ordinances limiting the number of dogs per residential unit. Respondent seeks review of the judgment of unconstitutionality. Because we conclude that the ordinances are reasonably related to the public's health, safety, and welfare, we reverse the summary judgment granted to appellants and affirm the denial of their motion for attorney fees.

## FACTS

Respondent City of Sauk Rapids passed ordinances in February and March 1995 limiting the number of dogs that can be kept on

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

residential premises. The significant provisions of the ordinances are: (1) only two dogs over six months of age may be kept in one residential unit; (2) persons wishing to have three or four adult dogs in their residential unit may apply for a permit to do so; and (3) anyone legally keeping more than four adult dogs on a residential premises on the effective date of the ordinance can obtain an exemption and retain those dogs, provided every owner of property within 100 feet of the dog owner's premises consents. Permits for keeping three or four dogs are obtainable on a showing that the dogs are licensed and vaccinated; testimony indicated that at least four such permits have been granted.

Appellants were two of the dog owners affected by the ordinances. Appellant Cynthia Eveslage operates a dog-breeding business on her residential property. She owned three adult dogs and a litter of pups on the effective date of the ordinances, April 19, 1995; by the time compliance was required on August 19, 1995, she owned three adult dogs and two five-month-old pups. She obtained a permit to keep up to four adult dogs. Because Eveslage did not have more than four adult dogs when the ordinance was passed, she did not seek her neighbors' permission to have more than four.

Appellant Mary Holt runs a "stud service" business on her residential property; she also rescues Newfoundland dogs until homes can be found for them. She had nine adult dogs on her property when the ordinances became effective and twelve adult dogs on the date compliance became mandatory. Holt did not complete the process to obtain a permit for up to four dogs or seek the consent of her neighbors to retain more than four dogs.

## ISSUE

Are the ordinances unconstitutional?

## ANALYSIS

 In evaluating challenges to the constitutionality of a statute, a reviewing court recognizes that the interpretation of statutes is a question of law and accordingly that the reviewing court is not bound by the lower court's conclusions.[1] *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993). A municipal ordinance is presumed constitutional; the burden rests on the party attacking an ordinance's validity to prove it is unreasonable or that the requisite public interest is not involved, and consequently that the ordinance does not come within the police power of the city. *City of St. Paul v. Dalsin,* 245 Minn. 325, 329, 71 N.W.2d 855, 858 (1955). To prove an ordinance is unreasonable, a complaining party must show that it "has no substantial relationship to the public health, safety, morals or general welfare." *State v. Hyland,* 431 N.W.2d 868, 872 (Minn.App. 1988) (quoting *County of Freeborn v. Claussen,* 295 Minn. 96, 100, 203 N.W.2d 323, 326 (1972)). "If the reasonableness of an ordinance is debatable, the courts will not interfere with the legislative discretion." *Id.* (quoting *State v. Modern Box Makers, Inc.,* 217 Minn. 41, 47, 13 N.W.2d 731, 734 (1944)). Appellants must therefore prove that it is not even debatable that the challenged ordinances have no substantial relationship to public health, safety, or general welfare.

Minn.Stat. § 412.221 grants a municipal corporation authority to regulate the use of public and private property. *Borchert v. Village of North Oaks,* 264 Minn. 32, 36, 117 N.W.2d 396, 400 (1962). A city has the authority

to regulate the keeping of animals, to restrain their running at large, to authorize their impounding and sale or summary destruction, and to establish pounds, and to license and regulate riding academies.

Minn.Stat. § 412.221, subd. 21 (1994). Consequently, Sauk Rapids has the authority to regulate the keeping of dogs on residential property.

Appellants argue that the ordinance is unconstitutional because Sauk Rapids considered no empirical evidence before adopting it. However, it is the lack of a rational relationship between an ordinance and the general well-being, not the failure of the enacting city to consider empirical evidence,

---

1. Therefore appellants, who prevailed in the district court on the issue of unconstitutionality, bear the same burden before this court that they did in the district court.

that has caused ordinances to be struck down. *See, e.g., Nelson v. Peterson,* 313 N.W.2d 580 (Minn.1981) (striking down an ordinance prohibiting state-employed attorneys who represented petitioners in workers' compensation cases from becoming workers compensation judges as irrational and violating equal protection); *Fairmont Foods Co. v. City of Duluth,* 260 Minn. 323, 326, 110 N.W.2d 155, 157 (1961) (striking down an ordinance restricting the bacteria count in raw milk as not reasonably related to public health); *Dalsin,* 245 Minn. at 330, 71 N.W.2d at 859 (striking down an ordinance requiring roofers to qualify in warm air heating and ventilation because these had no reasonable relation to the roofing trade). All of these ordinances were struck down because there was no rational relationship between the ordinance and the ostensible objective; none of the cases criticized the city's failure to consider empirical evidence before enacting the ordinance.

Here, testimony showed that dogs were the number one complaint at city hall and that the mayor initiated the ordinance to address problems with dog noise and dog odor. It is at least debatable that limiting the number of dogs per residential unit is substantially related to controlling the problems of dog noise and odor, or to the health and general welfare of the community as affected by dogs. There is a rational relationship between the ordinance and solving the problems caused by dogs. Sauk Rapids' failure to consider empirical evidence before adopting the ordinance does not render the ordinance unconstitutional.

Appellants also argue that the ordinances are arbitrary because there was no evidence that dog noise and odor problems were caused by residences having more than two dogs. The burden of proving that an ordinance is unreasonable rests on the party attacking its validity. *Dalsin,* 245 Minn. at 329, 71 N.W.2d at 858. Appellants presented no testimony or other evidence to show that limiting the number of dogs per residence would not help resolve the problems with dog

noise and dog odor. Appellants had a veterinarian testify that there are other causes of dog problems, such as the size and breed of the dog and the level of care provided by the dog owner, but this testimony does not prove the ordinances are unreasonable. Neither the existence of alternative methods for resolving the dog problems nor a debate as to the best method provides a basis for declaring ordinances unconstitutional. Having determined that the dog problem had to be addressed, the city was entitled to "a reasonable opportunity to experiment with solutions to the problem." *Wolff v. City of Monticello,* 803 F.Supp. 1568, 1572 (D.Minn.1992).

There was some semantic confusion because the Sauk Rapids administrator testified that the number of dogs a resident may keep with and without a permit were chosen "arbitrarily." Appellants interpreted this testimony to mean that the ordinance itself was arbitrary. However, numbers chosen as legal limitations are often arbitrary: e.g., speed limits, building ordinances, statutes of limitation. The necessity of selecting some number arbitrarily does not render an ordinance itself arbitrary.[2]

Finally, we note that many jurisdictions have upheld similar ordinances. *See, e.g., Gates v. City of Sanford,* 566 So.2d 47, 49 (D.C.Fla.1990) (upholding ordinance limiting number of dogs and cats to three of each in a residence); *People v. Strobridge,* 127 Mich. App. 705, 339 N.W.2d 531, 535 (1983) (upholding ordinance prohibiting keeping more than three dogs per residential unit); *People v. Yeo,* 103 Mich.App. 418, 302 N.W.2d 883, 885–86 (1981), *cert. denied,* 457 U.S. 1134, 102 S.Ct. 2961, 73 L.Ed.2d 1351 (1982) (same); *Downing v. Cook,* 69 Ohio St.2d 149, 431 N.E.2d 995, 997 (1982) (upholding ordinance prohibiting keeping more than three adult dogs on comparatively small residential lots); *Village of Carpentersville v. Fiala,* 98 Ill.App.3d 1005, 54 Ill.Dec. 521, 522, 425 N.E.2d 33, 34 (1981), *cert. denied,* 456 U.S. 990, 102 S.Ct. 2271, 73 L.Ed.2d 1285 (1982) (upholding ordinance limiting the number of dogs in a single-family residence to two and

---

**2.** Appellants do not suggest any less arbitrary number or any less arbitrary way of choosing a number.

the number of dogs in a single-family unit in a multiple housing building to one); *State v. Mueller*, 220 Wis. 435, 265 N.W. 103, 105–06 (1936) (holding that limiting to two the number of dogs kept per residential unit was not an unreasonable exercise of police power).

Appellants cite *Commonwealth v. Creighton*, 163 Pa.Cmwlth. 68, 639 A.2d 1296 (1994), brought by a pet owner found guilty of violating an ordinance prohibiting more than five cats and/or dogs on a residential premises. *Creighton* remanded

> to determine the goals which this ordinance seeks to advance, whether those goals are legitimate governmental goals and whether, if the goals are legitimate, the means used to achieve them are reasonable.

*Id.* at 1301. Here, testimony established that the ordinances sought to reduce the number of complaints about dog noise and dog odor. These are legitimate governmental goals, and restricting the number of dogs per residence, while arguably not the only means of achieving them, is a reasonable means. We do not find *Creighton* persuasive, particularly in light of the weight of opposing authority. In summary, appellants have failed to show the lack of any rational relationship between Sauk Rapids' ordinances limiting the number of dogs per residential unit and the public's health, safety, or general welfare. Therefore, we hold that the ordinances are constitutional.

 Appellants sought attorney fees under 42 U.S.C. § 1988, providing that attorney fees are to be awarded to the prevailing party in a civil rights action. In light of our determination that the ordinances are constitutional, appellants have no basis for requesting attorney fees under section 1988.

We note, however, that even if appellants had prevailed, the essentially private nature of their action questioning Sauk Rapids' right to regulate the keeping of dogs is a special circumstance placing them outside "the spirit of section 1988 fee awards." *Welsh v. City of Orono*, 355 N.W.2d 117, 124 (Minn.1984). Like *Welsh*, which denied attorney fees to a landowner who successfully challenged a city's denial of his application for a conditional use permit, thereby regulating dredging,

> [t]his case does not raise a fundamental civil rights issue such as voting rights, jury or job discrimination, school desegregation, or the like. This is not an action for private enforcement of civil rights, but rather a private action questioning a municipality's regulatory jurisdiction under state law.

*Id. Welsh* would be persuasive authority supporting denial of attorney fees to appellants, even if they had prevailed here on the issue of constitutionality of the ordinances.

### DECISION

To prevail, appellants must show that the lack of any rational relationship between Sauk Rapids' ordinances limiting the number of dogs per residential unit and the public health, safety, or general welfare is not even debatable. They do not meet this burden; therefore, the ordinances cannot be held unconstitutional. Because appellants did not prevail in their challenge to the constitutionality of the ordinances, they are not entitled to attorney fees.

**Affirmed in part and reversed in part.**