STATE of Minnesota, Respondent,

v.

**Sheila Ann REINKE, Appellant.**

No. A04–2219.

Court of Appeals of Minnesota.

Aug. 23, 2005.

John E. Mack, Mack & Daby, P.A., New London, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Dwayne N. Knutsen, Chippewa County Attorney, Montevideo, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; KLAPHAKE, Judge; and DIETZEN, Judge.

## OPINION

DIETZEN, Judge.

Appellant received a citation for violating a township ordinance prohibiting three or more dogs on the premises owned by any individual residing in the township's high density population area. Appellant challenged both the constitutionality of the ordinance and her misdemeanor conviction under it, arguing that the ordinance was unenforceable as applied to her because her dog-breeding business was exempted under the preexisting nonconforming use exception. Because appellant was not lawfully operating her dog-breeding business before the ordinance was enacted, we affirm.

## FACTS

In December 2003, Chippewa County Sheriff Stacy Tufto began receiving complaints about dogs on appellant Sheila Reinke's property in Big Bend Township in Chippewa County. Sheriff Tufto visited the property about seven or eight times to investigate complaints. On May 12, 2004, Sheriff Tufto visited appellant's residence and observed seven dogs on the property in wire dog kennels. Sheriff Tufto issued appellant a citation for violating the township's ordinance § 1.04(B), which prohibits any homeowner from keeping three or more dogs on her property, a petty misdemeanor. The township passed the ordinance on May 9, 2004, approximately one and one-half years after appellant bought her residence. The title of the code chapter containing the ordinance is "Ordinance: A Resolution Adopting a Big Bend Township Zoning Ordinance Relating to Dogs." The ordinance states:

> (B) *Kennel as a nuisance.* Because the keeping of three or more dogs on the same premises is subject to great abuse, causing discomfort to persons in the area by way of smell, noise, hazard, and general aesthetic depreciation, the keeping of three or more dogs on the premises is hereby declared to be a nuisance and no person shall keep or maintain a kennel within the a[sic] high density population area.

Appellant moved to challenge the constitutionality of the ordinance. A hearing was held, and the district court issued an order denying appellant's motion. Appellant then pleaded not guilty to the petty misdemeanor charge, again asserting that the ordinance was unconstitutional. At trial, appellant testified that she raised the dogs for sale and had always kept three or more dogs on the property. She further testified that she had checked before pur-

chasing the property to make sure there was no ordinance limiting the number of dogs per residence. She also testified that she had earned approximately $6,000 through the business in 2003. Sheriff Tufto testified that appellant had told her previously that she did not have a dog-breeding business and was taking care of the dogs for a friend. The parties stipulated that appellant's residence is within a high density population area under the township's definitions.

In its order, the district court concluded that appellant was operating a dog-breeding business on her property and found her guilty of violating the ordinance. Appellant was sentenced to pay a $300 fine and $70 in surcharges. Appellant challenges her conviction.

## ISSUES

I. Is the ordinance unconstitutional?

II. Does appellant's conviction violate the prohibition against ex post facto laws?

III. Should appellant be allowed to operate her business as a nonconforming use because it was in existence before the township enacted the ordinance?

## ANALYSIS

On appeal, a district court's factual findings are given great deference and will not be set aside unless clearly erroneous. *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn.1999). The construction of an ordinance is a question of law, which this court reviews de novo. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn. 1980). Similarly, the constitutionality of a statute is a question of law, and this court is not bound by the district court's conclusions. *Holt v. City of Sauk Rapids*, 559 N.W.2d 444, 445 (Minn.App.1997), *review denied* (Minn. Apr. 24, 1997).

## I.

*Constitutionality*

 Appellant argued to the district court that Big Bend's dog ordinance is unconstitutional, and the district court rejected her claim. Township ordinances are presumptively constitutional. *See In re Tveten*, 402 N.W.2d 551, 556 (Minn. 1987). The party challenging the provision bears the burden of proving that the ordinance is unreasonable and unconstitutional. *Fairmont Foods Co. v. City of Duluth*, 260 Minn. 323, 325, 110 N.W.2d 155, 157 (1961). A showing of unreasonableness requires that the challenging party prove that the ordinance "has *no* substantial relationship to public health, safety, morals, or general welfare." *State v. Hyland*, 431 N.W.2d 868, 872 (Minn.App.1988) (emphasis added) (quotation omitted). Courts decline to interfere with a township's legislative discretion if the reasonableness of the ordinance is debatable. *Id.; see also Connor v. Twp. of Chanhassen*, 249 Minn. 205, 212, 81 N.W.2d 789, 795 (1957) (stating that township ordinance should be declared unconstitutional only "when there is no reason whatsoever to support the determination of the legislative body"). Thus, to prevail, an appellant must prove that it is not even debatable that the challenged ordinance has any substantial relationship to public health, safety, or general welfare. *Holt*, 559 N.W.2d at 445. Townships have the authority to "pass ... ordinance[s] for licensing dogs and cats and regulating their presence, keeping, and running at large in the town." Minn.Stat. § 365.10, subd. 13 (2004).

The district court ruled that the township's dog ordinance is constitutional because "[i]t is at least debatable that limiting the number of dogs a person can keep on her premises serves the public interest of providing for the health and general

welfare of the citizens by helping to eliminate bothersome smells, noises, hazards, and aesthetic depreciation of property caused by an overabundance of dogs." The parties stipulated that appellant's home is located in a high density population area under the ordinance's definitions.

We conclude that appellant has failed to meet her burden of proving it is not even debatable that regulating the number of dogs per residence has a substantial relationship to controlling the problems of dog noise, temperament, and odor as they affect the public health, safety, and welfare. It is at least debatable that the limitation of two dogs per residential premises in a high density population area protects public health. *See Hyland,* 431 N.W.2d at 872 (stating that courts should not interfere with legislative discretion if reasonableness of ordinance is debatable). Appellant has not overcome the township ordinance's presumption of constitutionality.

## II.

*Ex Post Facto Laws*

■■■ Appellant also argues that her conviction for operating her existing dog-breeding business violates the prohibition against ex post facto laws. Both the United States and Minnesota Constitutions prohibit the passage of ex post facto laws. U.S. Const. art. I, § 10, cl.1; Minn. Const. art. I, § 11. An ex post facto law "renders an act punishable in a manner in which it was not punishable when it was committed." *Starkweather v. Blair,* 245 Minn. 371, 386, 71 N.W.2d 869, 879 (1955). But if an individual began a course of conduct before a statute prohibiting the conduct was passed, she may be prosecuted for continuing the conduct after enactment of the prohibitive provision. *See State v. Howard,* 360 N.W.2d 637, 640–41 (Minn.App.1985) (concluding that defendant who violated wild animal ordinance

both before and after it was passed did not have ex post facto claim because conviction pertained to conduct after ordinance was passed); *accord Samuels v. McCurdy,* 267 U.S. 188, 193, 45 S.Ct. 264, 265, 69 L.Ed. 568 (1925) (holding that penalty imposed for continuing to possess liquor after prohibition was not ex post facto law). Accordingly, we conclude that because appellant's conviction pertains to keeping three or more dogs on her residential premises after the dog ordinance was passed, it does not violate the prohibition against ex post facto laws.

## III.

*Nonconforming Use*

■■■ Appellant also argues that even if the dog ordinance is constitutional, it is not enforceable as applied to her property due to the exception for a preexisting nonconforming use.

■■■■ "It is a fundamental principle of the law of real property that uses lawfully existing at the time of an adverse zoning change may continue to exist until they are removed or otherwise discontinued." *Hooper v. City of St. Paul,* 353 N.W.2d 138, 140 (Minn.1984). Further, if a residential zoning ordinance prohibits a particular use of land, the existing nonconformities must be either permitted to remain or be eliminated by the use of eminent domain. *Id.* Accordingly, Minnesota statutory provisions specify that any township's zoning resolution "shall not prohibit the continuance of the use of a building for any trade or industry for which it was used when the resolution took effect or the alteration of or addition to an existing building or structure to carry on a prohibited trade or industry in the zone where it is located." Minn.Stat. § 366.18 (2004). Big Bend Township's administrative code defines a nonconforming use as follows: "A

structure or the use of a structure or premises which was lawful before the adoption of this ordinance, but which is not in conformity with the provisions of this ordinance...."

Under the nonconforming use exception, the use of real property must be "lawfully existing" at the time of the zoning change. *See Hooper*, 353 N.W.2d at 140. Although the statutory provision relating to nonconforming uses for townships does not address the lawful-existence requirement, Big Bend's township code does mandate the lawful prior existence of the use. *Cf. Connor*, 249 Minn. at 214, 81 N.W.2d at 796 (noting that township's provision that the continuation of any *lawful* use of land existing at the time of a regulatory change was "intended to comport with" section 366.18). Here, appellant acknowledges, and the district court concluded, that she was operating a dog-breeding business in Big Bend Township's "Urban Development District." Big Bend Township is located in Chippewa County. Under Chippewa County's "Urban Development District" zoning code, commercial uses are considered "conditional uses," meaning that a conditional use permit is required to operate them lawfully. Here, there is no evidence that appellant applied for or received a conditional use permit to operate her dog-breeding business.

 Regarding the issue of concurrent jurisdiction, township regulations are effective to the extent that they are not inconsistent with county regulations. *West Circle Props., L.L.C. v. Hall*, 634 N.W.2d 238, 243 (Minn.App.2001), *review denied* (Minn. Dec. 19, 2001). Because there is no inconsistency between the county requirement for a conditional use permit and the township's ordinances, appellant's property was subject to Chippewa County regulations as well. Accordingly, we conclude that the operation of appellant's business in the township's "Urban Development District" was not lawful, and thus cannot lawfully continue under the preexisting nonconforming use exception.[1]

## DECISION

Because appellant's dog-breeding business, which is located in a high density population area, was not in lawful use at the time of the enactment of the ordinance limiting the number of dogs per residential premises, we conclude that the exception for preexisting nonconforming uses does not permit appellant's continued violation of the ordinance. We affirm both the ordinance's constitutionality and appellant's conviction under the ordinance.

**Affirmed.**

---

1. In contrast to our holding, the district court declined to apply the nonconforming use exception because it concluded that the "nonconforming use exception does not apply to this ordinance because it is a regulatory ordinance and not a zoning ordinance." The district court relied primarily on *State v. Schuler*, No. C9–96–1047 (Minn.App. Feb.25, 1997), *review denied* (Minn. May 20, 1997), for its ruling, but "[u]npublished opinions of the [c]ourt of [a]ppeals are not precedential." Minn.Stat. § 480A.08, subd. 3 (2004). Because we hold that appellant's dog-breeding business was not a lawful use of her property before enactment of the dog ordinance, we decline to address the issue of whether the ordinance was properly classified as a zoning or regulatory ordinance. Even if we were to conclude that the dog ordinance was a zoning, not a mere regulatory, ordinance, our ruling would be the same because the nonconforming use exception for appellant's property is not applicable here. *See Katz v. Katz*, 408 N.W.2d 835, 839 (Minn.1987) (stating that appellate courts will not reverse decisions below simply because they are based on incorrect reasoning).