**CITY OF MANKATO, Appellant,**

v.

**Allen LeRoy FETCHENHIER,
Respondent.**

No. C6–84–1324.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Michael J. McCauley, City Atty., Mankato, for appellant.

Robert H. Chesley, Mankato, for respondent.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LESLIE, Judge.

Respondent-defendant Allen LeRoy Fetchenhier was charged with disorderly conduct, a misdemeanor violation of Minn. Stat. § 609.72 (1984). The trial court denied defendant's motion to dismiss the charge on the condition appellant City of Mankato file a different charge against defendant. The City then filed a complaint charging defendant with lewd and indecent behavior in violation of Minn.Stat. § 617.23 (1984). The trial court found probable cause existed to believe defendant violated the statute; however, upon defendant's motion, the trial court dismissed the complaint against defendant, ruling Minn.Stat. § 617.23 unconstitutionally vague. The City filed notice of appeal.

## FACTS

On February 9, 1984 complainant was shopping with her infant child at the Shopko Store in Mankato, Minnesota. When she bent over to look at merchandise on a lower shelf, she felt one or two hands rub up her upper thigh and over each side of her buttocks. She described the touch as a "deliberate grab." Complainant stood up, turned around and saw defendant very near her in the aisle. As defendant walked down the aisle, complainant followed him until he entered another aisle and looked at her "with a smirk on his face."

Complainant immediately found a store clerk and told her what happened. The store manager confronted defendant a few minutes later. With his aid, complainant placed defendant under citizen's arrest. The store manager later indicated to police

that he had earlier observed defendant in the store following two women shoppers, staring at their buttocks.

## ISSUE

Is Minn.Stat. § 617.23 which prohibits "any open or gross lewdness or lascivious behavior, or any public indecency" unconstitutionally vague?

## ANALYSIS

Our indecent exposure statute provides in part:

> Every person * * * who shall be guilty of any open or gross lewdness or lascivious behavior, or any public indecency other than hereinbefore specified, shall be guilty of a misdemeanor * * *

Minn.Stat. § 617.23 (1984). Defendant challenges this statute as unconstitutionally vague. The trial court and defendant treat this challenge also as an attack under the overbreadth doctrine. We hold the statute meets both constitutional requirements.

A statute is overbroad when its terms sweep too far, regulating conduct which must be permitted. *See Broadrick v. Oklahoma*, 413 U.S. 601, 607, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973). Unlike the traditional rule in constitutional law, the overbreadth doctrine allows a person to challenge an overly broad statute even though his conduct is clearly unprotected and could be proscribed by a law drawn with the requisite specificity, so long as the statute reaches conduct protected by the First Amendment. *New York v. Ferber*, 458 U.S. 747, 767, 102 S.Ct. 3348, 3360, 73 L.Ed.2d 1113, (1982). However, where a statute regulates conduct which is not protected by the First Amendment, a person cannot complain that the statute could conceivably be impermissibly applied to others. *Id.* at 769, 102 S.Ct. at 3361.

Defendant does not identify any conduct protected under the First Amendment which Minn.Stat. § 617.23 purports to regulate, nor do we envision any such application. Therefore defendant may not raise an overbreadth challenge.

Defendant may nonetheless bring a challenge under the related void-for-vagueness doctrine. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). A recent United States Supreme Court opinion holds that a facial vagueness challenge may be brought by a person whose own conduct is within the "hard core" of a statute if the law reaches "a substantial amount of constitutionally protected conduct." *Kolender v. Lawson*, 461 U.S. 352, 358, n. 8, 103 S.Ct. 1855, 1959, n. 8, 75 L.Ed.2d 903 (1983), *quoting, Hoffman Estates*, 455 U.S. at 494, 102 S.Ct. at 1191. When, as here, no constitutionally protected conduct is swept up by the statute, the traditional rule applies that vagueness "must be judged in light of the conduct that is charged to be violative of the statute." *Kolender*, 461 U.S. at 369, 103 S.Ct. at 1865 (White, J. dissenting). Under this rule, a law is impermissibly vague when it fails to draw a reasonably clear line between lawful and unlawful conduct. *Smith v. Goguen*, 415 U.S. 566, 574–78, 94 S.Ct. 1242, 1247–50, 39 L.Ed.2d 605 (1974). In *Kolender*, the Supreme Court described the vagueness doctrine:

> As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of vagueness doctrine "is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement."

*Kolender*, 461 U.S. at 357, 103 S.Ct. at 1858, *quoting, Smith v. Goguen*, 415 U.S. at 574, 94 S.Ct. at 1248. (Citations omitted.)

We must examine defendant's conduct here to determine if this test is met, since vagueness must be judged in light of the conduct that is charged under the statute. *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Defendant allegedly fondled a woman's thigh and buttocks as she bent down to examine merchandise in a store. The commonly accepted definition of lewdness is the quality of being openly lustful or indecent. *See* Webster's New Universal Unabridged Dictionary, 1041 (Deluxe 2nd Ed. (1983)). Lasciviousness is similarly defined as wanton lustfulness. *Id.* at 1023. These terms, as well as the term "indecency", have a reliable and sufficiently definite meaning to the ordinary citizen which clearly encompasses respondent's conduct. *See People v. Darryl M.*, 123 Misc.2d 723, 475 N.Y.S.2d 704, 710–712 (N.Y. City Crim.Ct. 1984). Since defendant could have had no reasonable doubt that his actions in fondling a woman's thigh and buttocks were "open or gross lewdness or lascivious behavior" or a "public indecency," his argument that the statute is unconstitutionally vague fails.

## DECISION

Minn.Stat. § 617.23 is not unconstitutionally vague. We therefore reverse and remand for trial.

The defendant moved for an award of attorneys fees and costs under Minn.R. Crim.P. 28.04, subd. 2(6). We award $1,553.50 in attorneys fees and $88.71 in costs to be paid by Blue Earth County.

Reversed and remanded.