**STATE of Minnesota, City of St. Paul, Respondents,**

v.

**Ronald L. HYLAND, Appellant.**

**No. C1–88–767.**

Court of Appeals of Minnesota.

Nov. 22, 1988.

---

Hubert H. Humphrey III, Atty. Gen., Edward P. Starr, City Atty., Gerald T. Hendrickson, Chief Prosecutor, Patricia A. Rogin, Asst. City Atty., Crim. Div. St. Paul, for respondents.

Jerome Filla, Ronald J. Riach, Peterson, Franke & Riach, Roseville, for appellant.

Heard, considered, and decided by WOZNIAK, C.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

WOZNIAK, Chief Judge.

Appellant Ronald Hyland was found guilty of illegally parking commercial vehicles on a residential street in violation of St. Paul, Minn., Legislative Code § 157.04(13)b. On appeal, Hyland argues that the ordinance is unconstitutionally vague and unreasonable, that a pretrial hearing on his discriminatory enforcement claim should have been held, and that the trial court's judgment was clearly erroneous. We disagree and affirm.

## FACTS

Ronald Hyland owns three commercial vehicles. During September and October 1987, Hyland received seven citations for parking these vehicles in violation of section 157.04(13)b, which makes parking a commercial vehicle in a residential area a petty misdemeanor.

Hyland pleaded not guilty. He asked for and was granted a formal complaint. In November 1987, a pretrial conference was held. Hyland moved to dismiss on the grounds that the ordinance was unconstitutional on its face as well as discriminatorily enforced. The court did not hear argument on these issues at the pretrial conference, but instead ordered that the parties submit briefs addressing these issues on January 19, 1988, the original trial date.

In anticipation of a pretrial hearing, Hyland gathered evidence which he claims indicates discriminatory enforcement. Specifically, Hyland recorded instances where vehicles were parked in violation of the ordinance, but the owners had not been issued a citation. Hyland forwarded this information to the St. Paul City Attorney's office so that these vehicles could be ticketed. Hyland also prepared for establishing discriminatory enforcement by issuing subpoenas to the law enforcement officers responsible for the citations.

On January 19, 1988, the original trial date, the state submitted a brief, but Hyland did not. The court gave Hyland two additional weeks to file his brief. Hyland missed this deadline as well. He finally submitted his brief on February 8, 1988. Based on the briefs of both parties, the court concluded on March 1, 1988, that the ordinance was constitutional and that no preliminary hearing was necessary because Hyland had made no showing of discriminatory enforcement.

On March 30, 1988, the trial date, Hyland wanted to stipulate to each element of section 157.04(13)b. The parties did so stipulate and, based thereon, the court found Hyland guilty of each of the seven parking violations. Hyland appealed, arguing that the ordinance was unconstitutional, that a pretrial hearing should have been held, and that the judgment was clearly erroneous.

## ISSUES

1. Is St. Paul, Minn., Legislative Code § 157.04(13)b unconstitutionally vague un-

der the due process clause of the fourteenth amendment?

2. Is St. Paul, Minn., Legislative Code § 157.04(13)b unconstitutionally unreasonable under the due process clause of the fourteenth amendment?

3. Was Hyland entitled to a pretrial hearing on his claim of discriminatory enforcement?

4. Was the trial court's judgment clearly erroneous because the court did not consider at trial evidence of discriminatory enforcement?

## ANALYSIS

1. Hyland was found guilty of seven violations of St. Paul, Minn., Legislative Code § 157.04(13)b. This ordinance provides in pertinent part:

> b. Overweight and commercial vehicle parking. No vehicle, with or without load, which weighs more than six thousand (6,000) pounds or is registered for a gross weight of more than nine thousand (9,000) pounds, nor any commercial vehicle which is within or abutting, including across a street or alley, from an R–1 through R–4, RT–1, RT–2, or RM–1 through RM–3 Zoning District shall be permitted to stop, stand or park on any street unless such vehicle is actually engaged in the loading or unloading of passengers or materials from the vehicle or is actually engaged in the providing of services at that location, or in compliance with official traffic-control devices or the direction of a police officer.

■ Hyland argues that this parking ordinance is impermissibly vague and thus violates the due process clause of the fourteenth amendment of the United States Constitution.

> Where no fundamental right or suspect class is involved, a statute is presumed to be constitutional, and the burden is on the challenger to prove constitutional violation beyond a reasonable doubt.

*Rio Vista Non–Profit Housing Corp. v. County of Ramsey*, 335 N.W.2d 242, 245 (Minn.1983), *appeal dismissed*, 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984) (citation omitted). Hyland is not a member of any suspect class. Also, parking is a privilege, not a fundamental right. 7 McQuillin, *Municipal Corporations* § 24.643 (3d rev. ed. 1981). Because neither a suspect class nor a fundamental right is involved here, Hyland must prove constitutional violation beyond a reasonable doubt.

■ Vague statutes are prohibited under the due process clause of the fourteenth amendment. *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985). Vague laws are prohibited because:

> they trap the innocent by not providing adequate warning of unlawful conduct and unleash the potential for unfair and uneven law enforcement by not establishing minimal guidelines.

*State v. Becker*, 351 N.W.2d 923, 925 (Minn.1984). To satisfy the requirements of due process, therefore, a criminal statute:

> [must] define the criminal offense with sufficient definiteness [so] that ordinary people can understand what conduct is prohibited and [must be written] in a manner that does not encourage arbitrary and discriminatory enforcement.

*Newstrom*, 371 N.W.2d at 528.

■ "[V]agueness challenges that do not involve first amendment issues must be examined in light of the facts at hand." *Becker*, 351 N.W.2d at 925 (citation omitted). Hyland must show that the ordinance is too vague as to his behavior, not that it is too vague as to a hypothetical situation. *State v. Kager*, 382 N.W.2d 287, 289 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. April 24, 1986). Thus, the issue here is whether section 157.04(13)b was too indefinite for Hyland to have understood what was prohibited.

■ Hyland argues that this ordinance is too vague because it does not specify whether the violator is the registered owner of the vehicle or the person who parked

the vehicle. An ordinance must be definite as to the persons within its scope. *State v. Moseng,* 254 Minn. 263, 268, 95 N.W.2d 6, 11 (1959). Any indefiniteness in the ordinance is not applicable to Hyland because he is both the owner and the parker of the vehicles. Moreover, any lack of clarity does not raise the concerns which make vague laws objectionable. This ordinance is very specific as to the areas and situations in which it is to be applied and the type of vehicle which is restricted. This specificity is demonstrated by Hyland's ability to compile a list of unticketed violators to support his claim of discriminatory enforcement. Also, any indefiniteness as to who the violator is does not raise the prospect of discriminatory enforcement because any indefiniteness does not increase law enforcement officials' discretion. The officers merely ticket vehicles parked in violation of the ordinance. Therefore, Hyland has not proved vagueness beyond a reasonable doubt.

■ 2. The City of St. Paul enacted section 157.04(13)b pursuant to its police powers. Regulation of parking is within a municipality's police powers. *Hendricks v. City of Minneapolis,* 207 Minn. 151, 155, 290 N.W. 428, 430 (1940). The purpose of this parking ordinance is to provide adequate parking for residents and others who park private vehicles on residential streets. Hyland argues that the ordinance is unreasonable because its practical effect is to prohibit residents who drive commercial vehicles for personal use from parking the vehicles in front of their homes.

■ Ordinances which are unreasonable violate the due process clause of the fourteenth amendment. *See Fairmount Foods Co. v. City of Duluth,* 260 Minn. 323, 325, 110 N.W.2d 155, 157 (1961). Ordinances are presumed to be valid, and the defendant has the burden of proving the ordinance is unreasonable. *State v. Perry,* 269 Minn. 204, 206, 130 N.W.2d 343, 345 (1964). To prove that an ordinance is unreasonable, the defendant must show that

the ordinance "has no substantial relationship to public health, safety, morals, or general welfare." *County of Freeborn v. Claussen,* 295 Minn. 96, 100, 203 N.W.2d 323, 326 (1972) (citation omitted). A strong showing of unreasonableness is required because if the "reasonableness of an ordinance is debatable, courts will not interfere with the legislative discretion." *State v. Modern Box Makers, Inc.,* 217 Minn. 41, 47, 13 N.W.2d 731, 734 (1944).

■ Section 157.04(13)b prohibits the parking of commercial vehicles in residential areas. The ordinance increases the number of parking spaces available to residents and others who drive private vehicles in the residential area. It thereby promotes the general welfare because it provides residents as well as their guests and invitees with improved access to residences. Improving access has been recognized as a valid public purpose. *Perry,* 269 Minn. at 207, 130 N.W.2d at 345. Since this ordinance promotes access, Hyland has not satisfied his burden of proving that the ordinance is unreasonable. Hence, section 157.04(13)b is not unconstitutionally unreasonable under the due process clause of the fourteenth amendment.

■ 3. The equal protection clause of the fourteenth amendment prohibits the intentional, discriminatory enforcement of municipal ordinances. *State v. Vadnais,* 295 Minn. 17, 19, 202 N.W.2d 657, 659 (1972) (citing *Yick Wo v. Hopkins,* 118 U.S. 356, 30 L.Ed. 220 (1886)). Criminal prosecutions, however, are presumed to have been undertaken in good faith and in a nondiscriminatory manner. *United States v. Catlett,* 584 F.2d 864, 866 (8th Cir.1978). In proving discriminatory enforcement,

a defendant bears the heavy burden of establishing, at least *prima facie,* (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory se-

lection of him for prosecution has been invidious or in bad faith, *i.e.*, based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of a constitutional right. *State v. Russell*, 343 N.W.2d 36, 37 (Minn. 1984) (emphasis in original). The defendant must prove discriminatory enforcement by a clear preponderance of the evidence. *Id.* at 38.

A discriminatory enforcement issue should be disposed of at a pretrial hearing. *City of Minneapolis v. Buschette*, 307 Minn. 60, 66, 240 N.W.2d 500, 503 (1976). The issue of discriminatory enforcement should be decided prior to a trial on the merits because "it does not go to the guilt or innocence of the particular defendant." *Id.* At the pretrial hearing, the defendant may offer evidence, present subpoenaed witnesses, and cross-examine hostile witnesses. *State v. Sharich*, 297 Minn. 19, 26, 209 N.W.2d 907, 913 (1973). This adversary hearing is necessary so that an appellate court can properly assess the issue. *Id.*

The narrow issue presented here is what threshold showing a defendant must make to trigger a pretrial hearing. Strong policy reasons support the requirement of a threshold showing. The requirement decreases the likelihood of law enforcement officials "being called to the stand by every criminal defendant for cross-examination as to their motives * * *." *United States v. Falk*, 479 F.2d 616, 620 (7th Cir.1973). In addition, requiring a threshold showing deters spurious claims and promotes judicial economy. For these reasons, we conclude that to trigger a pretrial hearing, a defendant must allege sufficient facts to take the question past the frivolous state and to raise a reasonable doubt as to the prosecutor's purpose. *See Catlett*, 584 F.2d at 866.

To take a claim of discriminatory enforcement beyond the frivolous state, the defendant must allege facts which show that he was singled out for enforcement and that his selection was invidious or in bad faith. *Russell*, 343 N.W.2d at 37. Hyland merely made a general, conclusory allegation that discriminatory enforcement occurred. However, Hyland implied in his motion to dismiss that he was the only one ever ticketed under the ordinance. Because the ordinance became effective within one month of Hyland's first ticket, the value of this implied allegation is substantially diminished.

Even if Hyland's allegation was sufficient to make his claim of being singled out not frivolous, Hyland did not allege facts that show any singling out was invidious or in bad faith. Specifically, the facts alleged by Hyland did not show that he is a member of a suspect class, that he was exercising a fundamental right, or that any intentional, deliberate, or systematic singling out occurred. *Vadnais*, 295 Minn. at 20–21, 202 N.W.2d at 660. Thus, Hyland's claim of discriminatory enforcement was frivolous because his conclusory allegations did not state that any singling out was invidious or in bad faith. The trial court did not err in denying Hyland a pretrial hearing on the discriminatory enforcement issue.

4. Hyland argues finally that the trial court's judgment was clearly erroneous because the court did not consider his evidence of discriminatory enforcement at trial. Hyland assumes that if a pretrial hearing had been held, there would have been more or different evidence at trial. That assumption is not true. If discriminatory enforcement is proven at the pretrial hearing, the case should be dismissed. If discriminatory enforcement is not proven at the pretrial hearing, the case should proceed to trial on the merits. Regardless of whether discriminatory enforcement is shown at the pretrial hearing, consideration of discriminatory enforcement evidence at trial is inappropriate. *Buschette*, 307 Minn. at 66, 240 N.W.2d at 503. The trial court appropriately did not consider any of Hyland's evidence of discriminatory en-

forcement evidence at trial and, therefore, because the stipulated facts were sufficient to prove each element of the offense, the judgment was not clearly erroneous.

## DECISION

The trial court did not err in finding Hyland guilty of violating St. Paul, Minn., Legislative Code § 157.04(13)b.

AFFIRMED.