**Steven M. THUL, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C9–02–1365.

Court of Appeals of Minnesota.

March 11, 2003.

Steven J. Meshbesher, Meshbesher & Associates, P.A., Minneapolis, for appellant.

Mike Hatch, Attorney General, St. Paul; and Wilbur F. Dorn, Ham Lake City Attorney, Dorn Law Firm, Ltd., Blaine, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, HUDSON, Judge, and PORITSKY, Judge.*

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

## OPINION

KALITOWSKI, Judge.

Appellant Steven M. Thul challenges the denial of his petition for postconviction relief for violating City of Ham Lake, Minn., City Code § 9–470 (2000). The postconviction court determined that the ordinance at issue did not violate the Equal Protection Clause of the Fourteenth Amendment and was not constitutionally void for vagueness.

## FACTS

In October of 1998, appellant received the first in a series of letters from the City of Ham Lake (Ham Lake), informing appellant that the city had received complaints regarding appellant's operation of a helicopter from his property and requesting that appellant cease doing so. On November 10, 1999, the Ham Lake City Attorney advised the mayor and the city council that the current ordinances then in effect would not apply to appellant's helicopter activities and suggested zoning amendments as a possible solution.

The city council discussed appellant's helicopter use at a council meeting on December 6, 1999, and directed the city attorney to draft an ordinance clarifying where helicopters may take off and land in Ham Lake. At the city council meeting on January 3, 2000, the council again discussed helicopter regulations, agreeing that requiring a Federal Aviation Administration (FAA) approval letter as part of the ordinance would be helpful by providing needed expertise in this area. The council then completed the first reading of an ordinance regulating where helicopters may take off and land in Ham Lake.

On January 18, 2000, the council adopted Ordinance 9–470 (ordinance), regarding

appointment pursuant to Minn. Const. art. VI, § 10.

the operation of helicopters in certain residential areas. The ordinance reads as follows:

9–470 Operation of Regulated Aircraft

It shall be unlawful for any person operating a Regulated Aircraft to take off from or land upon any land in the City of Ham Lake except as provided herein.

9–470.1 R–1; R–M; R–2; ML PUD; PUD; RS–1 and RS–2 Zoning Districts Regulated Aircraft are prohibited from landing or taking off in the R–1, R–2, R–M, ML–PUD, PUD, RS–1, and RS–2 zoning districts * * *.

\* \* \* \*

9–470.4 Exemptions

The provisions of Article 9–470 shall not apply to any regulated aircraft which was being used on or before March 1, 2000, if the location from which landings and takeoffs occurred had been approved under a favorable determination letter dated prior to March 1, 2000, issued by the Federal Department of Transportation, Federal Aviation Administration, pursuant to Federal Aviation Regulations Part 157, or any other pertinent regulation, after due notice and review by said agency.

City of Ham Lake, Minn., City Code 9–470.4 (2000).

On February 29, 2000, one day before the exemption deadline, appellant received a favorable determination letter from the FAA. The letter stated the FAA's position that helicopter operations could be conducted safely at appellant's heliport, provided that appellant met certain conditions. The FAA's conditions included, among others, that: (1) a nonobstructing wind indicator be maintained adjacent to the take off/landing area; and (2) warning signs be maintained around the take off/landing area. Also on February 29, 2000, appellant conducted a "test flight" in

an effort to be "grandfathered in" according to the exemption. On June 30, 2000, a complaint was filed in Anoka County District Court charging appellant with violating the ordinance.

At the omnibus hearing on March 5, 2001, the parties stipulated that the only FAA condition from the approval letter at issue was whether appellant put up adequate warning signs around the take off/landing area. Appellant argued that the one homemade warning sign that he stuck in a nearby snow bank was sufficient for compliance with the FAA condition. Appellant also argued that federal law preempts the ordinance. The district court denied appellant's motion to dismiss the charges against him, concluding that appellant violated the ordinance due to his failure to comply with the FAA condition regarding warning signs and that the ordinance was not preempted by federal law.

Appellant was convicted for violating the ordinance on February 11, 2002, and received a stayed sentence of 30 days in jail, a stayed fine of $700, and one year of probation. Appellant appealed the conviction, but prior to adjudication of the direct appeal, appellant petitioned this court for a stay to allow for a postconviction hearing. The petition did not raise any substantive challenges to the conviction, but sought to supplement the district court record for purposes of appellate review of appellant's conviction. This court granted appellant's motion to stay the appeal, dismissed the case, and remanded to the district court for postconviction proceedings. *Thul v. State,* No. C1–02–307 (Minn.App. Apr. 3, 2002) (order).

On July 16, 2002, a postconviction hearing was held. The postconviction court denied appellant's petition for relief, determining that the ordinance was not void for vagueness and that enforcement of the ordinance against appellant did not violate

the Equal Protection Clause of the Fourteenth Amendment. This appeal followed.

## ISSUES

1. Does the ordinance violate the Equal Protection Clause of the Fourteenth Amendment?

2. Does the ordinance violate the Due Process Clause of the Fourteenth Amendment because it is constitutionally void for vagueness?

3. Does federal law preempt the ordinance?

## ANALYSIS

### I.

■ Because this court dismissed appellant's direct appeal pursuant to appellant's request to pursue postconviction relief, we apply the standard of review that we would have normally applied on the direct appeal, even though this is an appeal of a postconviction proceeding. *See Santiago v. State,* 644 N.W.2d 425, 439 (Minn.2002). Thus, we review appellant's challenges under a de novo standard of review because they involve questions of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

### 1. Discriminatory Enforcement

■ Appellant argues that the ordinance violates the Equal Protection Clause of the Fourteenth Amendment because it was enforced in a discriminatory manner and does not address a legitimate government purpose. We disagree.

■ "The constitutionality of an ordinance is a question of law which this court reviews de novo." *Hard Times Cafe, Inc. v. City of Minneapolis,* 625 N.W.2d 165, 171 (Minn.App.2001) (quotation omitted). The Equal Protection Clause of the Four-

teenth Amendment to the United States Constitution prohibits intentional, discriminatory enforcement of nondiscriminatory laws. *City of Minneapolis v. Buschette,* 307 Minn. 60, 64, 240 N.W.2d 500, 502 (1976) (citation omitted). Although criminal prosecutions are presumed to have been undertaken in good faith and in a nondiscriminatory manner, *State v. Hyland,* 431 N.W.2d 868, 872 (Minn.App. 1988), the supreme court has held that a criminal defendant may raise the defense of discriminatory enforcement of criminal laws by law-enforcement officials on all levels. *Buschette,* 307 Minn. at 66, 240 N.W.2d at 503.

■ To prove discriminatory enforcement, appellant must establish, prima facie

(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of a constitutional right.

*Hyland,* 431 N.W.2d at 872–73 (quotation omitted). Therefore, to prevail in a discriminatory-enforcement claim, appellant must allege facts showing both that he was singled out for enforcement and that his selection was invidious or in bad faith. *Id.* at 873.

Appellant argues that he was singled out for prosecution because another helicopter pilot in Ham Lake was grandfathered in under the exemption in the ordinance. The record indicates that the Ham Lake resident who was grandfathered in received a favorable determination letter from the FAA on December 9, 1996, and that the individual complied with all the

conditions outlined in the FAA letter by December 20, 1999. But here, the omnibus court found that appellants FAA approval letter was replete with conditional language that makes the operation of his heliport contingent on the fulfillment of specific criteria, and concluded that appellant did not comply with the conditions of the FAA letter because he failed to post the required warning signs * * *. The finding of the omnibus court that appellant was not in compliance with the conditions of the FAA approval letter is supported by the record and therefore not clearly erroneous. Thus, we accept the omnibus courts finding that appellant did not meet the requirements of the exemption. *See State v. Williams,* 535 N.W.2d 277, 286 (Minn.1995) (reviewing court accepts factual findings unless clearly erroneous).

Specifically, appellants FAA approval letter states that *signs* must be maintained *around* the take off/landing area. The plain language of the letter indicates that more than one sign was necessary for compliance. Moreover, appellant testified at the omnibus hearing that the take off/landing area could be approached from more than one direction. Appellant was not singled out for prosecution. Rather, he was prosecuted because he did not meet the conditions of the FAA approval letter and consequently, did not meet the requirements for the exemption from the ordinance. Thus, the ordinance was not discriminatorily enforced against appellant.

## 2.Facial Unconstitutionality

■ Appellant also argues that the ordinance is facially unconstitutional because the only purpose behind the ordinance was to prohibit appellant from operating a helicopter within city limits and therefore, no legitimate purpose existed for the ordinance. We disagree.

■ A municipal ordinance is presumed constitutional. *City of St. Paul v. Dalsin,* 245 Minn. 325, 329, 71 N.W.2d 855, 858 (1955). Moreover, if the reasonableness of an ordinance is debatable, courts will not interfere with the legislative discretion. *Hyland,* 431 N.W.2d at 872 (quotation omitted).

■ To determine whether a zoning ordinance has a rational basis, first, we identify a legitimate government purpose, then ask whether a rational basis exists for the governmental body to believe that the legislation would further the purpose. *Graham v. Itasca County Planning Commn.,* 601 N.W.2d 461, 465 (Minn.App. 1999) (citations omitted). The burden of proof is on the opponent of the ordinance. *See Honn v. City of Coon Rapids,* 313 N.W.2d 409, 414–15 (Minn.1981). Under the rational basis test, the challenged legislation need only be supported by any set of facts either known or that could reasonably be assumed. *Arcadia Dev. Corp. v. City of Bloomington,* 552 N.W.2d 281, 289 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). Generally, the protection of health, morals, safety, or welfare are legitimate purposes. *Zylka v. City of Crystal,* 283 Minn. 192, 195, 167 N.W.2d 45, 48–49 (Minn.1969).

Appellant contends that in enacting the ordinance the city was merely responding to a neighbors complaint about noise. We disagree. The record indicates that the legitimate governmental purpose behind the ordinance is safety. The city council discussed safety as a purpose for the ordinance at their council meetings and incorporated the requirement of the FAA approval letter into the exemption because the FAA has specialized knowledge in this area. Moreover, the councils safety concerns were proven justified when a helicopter recently crashed on a Ham Lake road. One week prior to the accident, the

same helicopter landed and took off from appellants heliport. A similar crash in a residential neighborhood could have caused extensive damage and injury. The city rationally believed that prohibiting helicopter activity in areas zoned for residential use would decrease the risk of helicopter-related damage and injury and would further the legitimate government purpose of safety. Thus, we conclude the ordinance passes the rational basis test and does not violate equal protection.

## II.

■■■ Appellant also argues that the ordinance is impermissibly vague and thus, violates the Due Process Clause of the Fourteenth Amendment. We disagree.

■■■ Where, as here, there is no fundamental right or suspect class involved, an ordinance is presumed to be constitutional, and the burden is on the challenger to prove a constitutional violation beyond a reasonable doubt. *Rio Vista Non–Profit Hous. Corp. v. County of Ramsey,* 335 N.W.2d 242, 245 (Minn.1983), *appeal dismissed,* 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984) (citation omitted). Vague statutes are prohibited under the Due Process Clause of the Fourteenth Amendment. *State v. Newstrom,* 371 N.W.2d 525, 528 (Minn.1985). To satisfy the requirements of due process, therefore, a criminal offense must be defined with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *City of Mankato v. Fetchenhier,* 363 N.W.2d 76, 78 (Minn.App.1985) (citation omitted). Moreover, vagueness must be judged in light of the conduct that is charged under the ordinance. *Id.* at 79.

■■■ Appellant argues that the ordinance does not contain any language regarding full compliance with any guidelines or recommendations that might be contained in an FAA approval letter. But an appellant challenging the constitutionality of an ordinance on vagueness grounds "must show the [ordinance] lacks specificity as to his own behavior rather than some hypothetical situation." *Ruzic v. Comm'r of Pub. Safety,* 455 N.W.2d 89, 92 (Minn. App.1990) (citation omitted). Here, appellant's behavior indicates that he fully understood his need to comply with the FAA conditions to be exempt from the ordinance. Appellant received his letter from the FAA on February 29, 2000, a day before the deadline for an exemption under the ordinance. On that same day, he erected a handmade warning sign and conducted a test flight. Additionally, appellant testified on direct examination at the omnibus hearing that he needed to erect a warning sign "in order to make the favorable determination letter completely legal for me or be in compliance with it completely." Thus, the requirements of the ordinance and the FAA letter were clear to appellant, and he understood his need to comply with the FAA conditions in order to be "grandfathered in" under the ordinance. We thus conclude that appellant's argument that the ordinance is void due to vagueness fails.

## III.

■■■ Whether regulatory power is preempted by federal law is a question of law and thus, the standard of review is de novo. *In re Speed Limit for Union Pac. R.R. Through City of Shakopee,* 610 N.W.2d 677, 682 (Minn.App.2000). Preemption claims are analyzed under the assumption that the historic police powers of the [s]tates are not to be eclipsed unless to do so was the clear and manifest purpose of Congress. *Dahl v. Charles Schwab Co.,* 545 N.W.2d 918, 922 (Minn.1996) (quotation omitted).

■ Preemption can be express or implied, but where it is implied,

congressional intent to do so must be clearly inferred, either from the extent of federal involvement or from the scope of the federal interest; and even then the state will be preempted only to the extent that state regulation actually conflicts with federal law.

*State by Minn. Pub. Lobby v. Metro. Airports Commn,* 520 N.W.2d 388, 390 (Minn. 1994) (quotation omitted).

■ Appellant argues that the ordinance is preempted by federal laws regarding airspace use regulation, 49 U.S.C. 40103 (2002), and FAA regulations governing the construction, alteration, activation, and deactivation of airports. 14 CFR 157. We disagree.

The Eighth Circuit has decided this precise issue in *Condor Corp. v. City of St. Paul,* 912 F.2d 215 (8th Cir.1990). In that case, the appellant argued that the city council did not have the authority to dictate the location of heliports. The circuit court disagreed, stating:

We see no conflict between a citys regulatory power over land use, and the federal regulation of airspace, and have found no case recognizing a conflict.

*Id.* at 219 (citations omitted). We agree.

■ Appellant claims that *Condor* is not similar to his situation and instead, points to *City of Burbank v. Lockheed Air Terminal Inc.,* 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973), as being controlling. The issue in *Burbank* was whether federal law preempted a municipal curfew on takeoffs at an airport, and the Supreme Court concluded that the ordinance was preempted. But *Burbank* solely concerned a nuisance especially problematic for aircraft—noise. Here, as discussed above, the ordinance was adopted to address public safety concerns. Moreover, [m]erely because a state law touches on some aspect of the airline industry does not necessarily mean that it is preempted by federal law. *State v. Sherbrooke,* 633 N.W.2d 856, 862 (Minn. App.2001). Thus, we conclude the ordinance is not preempted by federal regulations because regulating the location of heliports has been determined to be within the province of local governments, and the purpose of the ordinance included public safety.

■ Finally, we reject appellants argument that, even if federal law does not preempt the ordinance, the Anoka County District Court and Ham Lake were prohibited from interpreting the meaning of the FAA approval letter. Appellant cites no authority, and we have found none, for the contention that state and local governments are prohibited from interpreting documents issued by a federal agency.

### DECISION

City of Ham Lake, Minn., City Code 9–470 (2000), restricting the operation of regulated aircraft in certain residential areas, does not violate the Equal Protection Clause, is not unconstitutionally vague, and is not preempted by federal law.

**Affirmed.**