**STATE of Minnesota, Appellant,**

v.

**Justin Curtis BEALL, Respondent.**

No. A09–0501.

Court of Appeals of Minnesota.

Aug. 25, 2009.

42

Lori Swanson, Attorney General, St. Paul, MN; and Douglas L. Johnson, Coon Rapids Assistant City Attorney, Coon Rapids, MN, for appellant.

Richard S. Eskola, Columbia Heights, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge; STONEBURNER, Judge; and COLLINS, Judge.*

## OPINION

STONEBURNER, Judge.

In this pretrial appeal, the state challenges the district court's (1) conclusion that the stop of respondent's vehicle for an inoperable center brake light was not justified by reasonable articulable suspicion of a violation of law; (2) suppression of evidence; and (3) dismissal of gross-misdemeanor driving-while-impaired (DWI) charges against respondent. Because the record establishes that objective, reasonable, articulable suspicion of a violation of law existed at the time of the stop, we reverse and remand for further proceedings.

## FACTS

Coon Rapids Police Officer Autumn Miller, on early morning routine patrol, noticed a vehicle with its center brake light out. She followed the vehicle and saw a passenger throw a cigarette butt out of the passenger-side window. Miller stopped the vehicle. While speaking with respondent driver, Justin Curtis Beall, she noticed a very strong odor of alcohol. Beall failed field sobriety tests directed by Miller, and his preliminary breath test result was .212. Miller arrested Beall, transported him to the police station, read the implied consent advisory to him, and administered the Intoxilyzer test. Beall's test result was .210.

Miller wrote on the Implied Consent Law Peace Officer's Certificate that the basis for the stop was "brake light out." Beall was charged with gross misdemeanor DWI offenses under Minn.Stat. §§ 169A.20, .25 (2006).

Beall moved to suppress the evidence, contesting the legality of the stop. At the omnibus hearing, Miller testified that Beall's center brake light above the trunk was out and that she also saw a cigarette butt tossed out of the passenger-side window prior to the stop. Miller testified that she failed to note "littering" as a reason for the stop on the implied-consent certificate, but that observation was recorded in her police report.

Beall argued that the stop was not valid because his vehicle was equipped with two working stop lights as required by Minn. Stat. § 169.57, subd. 1(a) (2006), and littering was not the reason for the stop. The state argued that many vehicles have three brake lights, and that because Minn.Stat. § 169.57, subd. 3, requires brake lights to be maintained in good working condition, an inoperable center brake light creates a safety issue, providing a reasonable basis for a traffic stop. The state also argued that Miller's observation of littering in violation of state law independently supported the stop even if Miller had already decided to stop the vehicle based on the inoperable brake light.

The district court concluded that because Beall's vehicle had two working brake lights as required by Minn.Stat. § 169.57, subd. 1(a), the inoperable third brake light did not give Miller a reasonable articulable basis to stop the vehicle. The district court found Miller's testimony that she observed littering credible, but stated that littering was not "really an issue" because "it doesn't seem like rea-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

sonable suspicion of wrongdoing when you stop a car and then don't even follow up on it, not even with a question." The district court granted Beall's motion to suppress and dismissed the charges. This appeal followed.

## ISSUES

1. Does failure to maintain a center brake light in good working condition give rise to a reasonable articulable suspicion of a violation of law justifying a traffic stop?

2. Does an officer's observation of littering from a vehicle justify stopping the vehicle if the officer subjectively bases the decision to stop the vehicle on something other than the observation of littering and makes no inquiry about littering after the stop?

## ANALYSIS

### Critical Impact and Standard of Review

■ On the state's appeal of a pretrial ruling, the state must establish clearly and unequivocally that the district court's ruling has a critical impact on the state's case and that the district court erred. *State v. Scott*, 584 N.W.2d 412, 416 (Minn.1998). "[T]he critical impact of the suppression must be first determined before deciding whether the suppression order was made in error." *Id.* Because the ruling in this matter resulted in dismissal of the charges, the state has established critical impact.

■ "When reviewing pretrial orders on motions to suppress evidence, we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing—or not suppressing—the evidence." *State v. Harris*, 590 N.W.2d 90, 98 (Minn.1999).

### Inoperable Third Brake Light as Basis for Stop

■ The United States Constitution and the Minnesota Constitution prohibit "unreasonable searches and seizures." U.S. Const. amend. IV; Minn. Const. art. I, § 10. To lawfully stop a motorist, an officer must have a specific, articulable, and objective basis for suspecting the particular person stopped of criminal activity. *State v. Anderson*, 683 N.W.2d 818, 822–23 (Minn.2004).

■ "Generally, if an officer observes a violation of a traffic law, no matter how insignificant the traffic law, that observation forms the requisite particularized and objective basis for conducting a traffic stop." *Id.* at 823; *see also State v. Barber*, 308 Minn. 204, 207, 241 N.W.2d 476, 477 (1976) (upholding traffic stop based on officer's observation that vehicle's license plate was wired on to the vehicle rather than bolted on); *see also Gerding v. Comm'r of Pub. Safety*, 628 N.W.2d 197, 201 (Minn.App.2001) (upholding investigative stop based on officer's observation of an object hanging from vehicle's rearview mirror), *review denied* (Minn. Aug. 15, 2001); *see also State v. George*, 557 N.W.2d 575, 578 (Minn.1997) (stating that an officer has an objective basis for stopping a vehicle if the officer observes even a minor traffic-law violation). But "an officer's mistaken interpretation of a statute may not form the particularized and objective basis for suspecting criminal activity necessary to justify a traffic stop." *Anderson*, 683 N.W.2d at 824.

In this case, the district court concluded that because Minn.Stat. § 169.57, subd. 1(a), requires that a vehicle be equipped with two brake lights, there is no violation of the law when a vehicle equipped with three brake lights has two operable brake lights.

While we agree with the district court that such a vehicle would not be operated in violation of Minn.Stat. § 169.57, subd. 1(a), the district court failed to consider that Minn.Stat. § 169.57, subd. 3(a) requires that "[w]hen a vehicle is equipped with stop lamps or signal lamps, *such lamps shall at all times be maintained in good working condition."* (Emphasis added). Minn.Stat. § 169.47, subd. 1 (2006), provides, in relevant part, that "[i]t is unlawful . . . for any person to . . . fail to perform any act required under this chapter." A vehicle with an inoperable center brake light is operated unlawfully in violation of Minn.Stat. § 169.57, subd. 3(a). Observation of such a violation gives rise to objective, reasonable, articulable suspicion justifying a traffic stop.

We reject as without merit Beall's assertion that "such lamps" as used in section 169.57, subd. 3(a), refers only to two statutorily required lamps: the provision unambiguously applies to all lamps with which a vehicle is equipped. And, the provision in Minn.Stat. § 169.57, subd. 4, prohibiting certain alterations and installations to federally required center brake lights "if the alteration or installation alters or obscures any portion of the lamp or affects the intensity of light emitted," demonstrates that the legislature is aware of the importance of operable, unaltered center brake lights. The district court erred by holding that the stop was not justified by reasonable articulable suspicion of a violation of law.

**Littering as Basis for Stop**

The district court credited Miller's observation of littering from the vehicle but concluded that the officer's failure to "follow up" on that observation prevented it from being "reasonable suspicion of wrongdoing." We disagree and note that the district court's focus on Miller's subjective basis for the stop and post-stop conduct is misplaced.

The assessment of the reasonableness of a particular stop involves an objective standard. *State v. DeRose,* 365 N.W.2d 284, 286 (Minn.App.1985) (citing *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). The inquiry is whether, considering the facts available to the officer at the moment of the seizure, a reasonable person would be warranted in the belief that the action taken was reasonable. *Id.* An officer's failure to articulate observed violations of law as a basis for stopping a defendant is irrelevant under an objective standard. *Id.* Similarly, an officer's failure to subsequently investigate a valid basis for a stop does not invalidate the stop. *See State v. Clark,* 394 N.W.2d 570, 572 (Minn.App. 1986) (stating that an officer's failure to ticket for muffler or license plate violations *after* the stop does not invalidate the stop). The issue is whether objective, reasonable, articulable suspicion of a violation of law existed at the time of the stop. *DeRose,* 365 N.W.2d at 286.

Littering is a petty misdemeanor under Minn.Stat. § 609.68 (2006). Miller observed littering prior to the stop. Therefore, even if Miller's subjective basis for the stop was the nonfunctioning center brake light, the stop was also justified based on her observation of littering.

**DECISION**

Because an inoperable center brake light and littering each constitutes an objective, reasonable, articulable suspicion of a violation of law justifying a traffic stop, the district court erred by holding that Officer Miller's stop of Beall's vehicle was illegal, suppressing evidence produced from the stop, and dismissing the charges

against Beall. We therefore reverse and remand for further proceedings.

**Reversed and remanded.**