**STATE of Minnesota, Respondent,**

v.

**LaRon BROWN, Appellant.**

**No. A04–60.**

Court of Appeals of Minnesota.

Dec. 21, 2004.

Bradford Colbert, St. Paul, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge; SCHUMACHER, Judge; and CRIPPEN, Judge.*

## OPINION

CRIPPEN, Judge.

Appellant LaRon Brown challenges his conviction of possession of a theft tool, contending that classifying the offense as a felony violates his right to the equal protection of the laws. Appellant also asserts that his conviction is not supported by sufficient evidence and that aggravating factors affecting his sentence were not tried before a jury in accordance with the Sixth Amendment. We affirm the conviction but reverse and remand for resentencing.

## FACTS

Appellant was charged with possession of burglary or theft tools, in violation of Minn.Stat. § 609.59 (2002). The state alleged that appellant used a cutting tool to remove a jacket from a department store rack and attempted to take the jacket from the premises. Following a jury verdict that convicted appellant of this charge, the district court determined that appellant was a pattern offender under Minn.Stat. § 609.1095, subd. 4 (2002). As a result, the district court imposed 36 months' imprisonment, an upward durational depar-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

ture from the guidelines presumptive sentence and the statutory maximum for the offense.

## ISSUES

I. Does an equal protection violation exist under the United States and Minnesota Constitutions where possession of a theft tool is classified as a felony offense but the underlying theft is classified as a gross misdemeanor?

II. Was there sufficient evidence to establish a conviction of possession of a theft tool?

III. Is there a violation of the right to a jury trial under the Sixth Amendment when, in applying the career offender sentencing statute, the fact of a pattern of criminal conduct is not tried to a jury?

## ANALYSIS

### I.

■ Appellant challenges the constitutionality of Minn.Stat. § 609.59 (2002), which criminalizes possession of a burglary or theft tool. He asserts that, because this offense is classified as a felony, while the underlying theft is classified as a gross misdemeanor, his conviction violates the equal protection provisions of the United States and Minnesota Constitutions. Appellant's alleged theft of a coat valued at $399 would constitute a gross misdemeanor under Minn.Stat. § 609.52, subd. 3(4) (2002). Appellant contends that the statutory scheme wrongfully empowered the prosecution to magnify his theft by charging him with the possession of a theft tool.[1]

■ We must presume on review that statutes are constitutional, and we are to declare a statute unconstitutional only with extreme caution and where absolutely necessary. *State v. Tennin,* 674 N.W.2d 403, 407 (Minn.2004). If a criminal defendant claims that a statute is unconstitutional, that defendant has the burden to establish unconstitutionality beyond a reasonable doubt. *State v. Benniefield,* 678 N.W.2d 42, 45 (Minn.2004). The constitutionality of a statute is a legal question, which we review de novo. *State v. Henning,* 666 N.W.2d 379, 382 (Minn.2003).

■ Where an equal protection claim challenges a statutory classification, but the classification does not involve a suspect class, such as race or sex, our equal protection analysis is limited to whether the classification has a rational basis. *Benniefield,* 678 N.W.2d at 46. Here, it is undisputed that no suspect classification is at stake and that rational basis analysis applies. *See id.* at 46–47 (classification based on location of offense); *State v. Gresser,* 657 N.W.2d 875, 880–81 (Minn.App.2003) (classification based on type of watercraft).

■ For equal protection analysis under the United States Constitution, the rational basis standard is met if the classification has a legitimate governmental purpose and will reasonably promote that purpose. *Bd. of Trustees v. Garrett,* 531 U.S. 356, 367, 121 S.Ct. 955, 964, 148 L.Ed.2d 866 (2001). No particular purpose need be articulated if a reasonable hypothetical purpose may be inferred. *Id.*

Public safety is a legitimate purpose to be promoted through legislation. *See Vacco v. Quill,* 521 U.S. 793, 808–09, 117 S.Ct. 2293, 2302, 138 L.Ed.2d 834 (1997) (noting preserving life and protecting vulnerable people are valid public interests); *State v.*

---

1. We are also mindful, suggesting further irony in the priority given to the possession charge, that the theft tool employed by appellant evidently was a common pocket device with many lawful uses, having criminal significance only when employed for a criminal act.

*Mitchell,* 577 N.W.2d 481, 492 (Minn.1998) (noting public safety is legitimate legislative interest). Because the possession of theft tools poses a risk of ongoing criminal activity, whereas a single theft poses no commensurate risk, it is reasonable in promoting public safety to impose a greater penalty for possession of a theft tool—and no less so when the tool is commonly carried and used lawfully. This classification has a rational basis in accordance with the guarantees of equal protection under the United States Constitution. *Cf. State v. Brown,* 97 Hawai'i 323, 37 P.3d 572, 583 (App.2001) (reasoning purpose of burglary tool statute is to deter theft by enabling law enforcement to act early); *see generally* Annotation, *Validity, Construction, and Application of Statutes Relating to Burglars' Tools,* 33 A.L.R.3d 798, 812 (1970 & Supp.2004) (discussing cases upholding similar statutes against due process challenges).

■ We reach a consistent result under the more intensive rational basis analysis required by the Minnesota Constitution, which requires an actual and identifiable connection between the statutory classification and the purpose to be achieved. *See State v. Russell,* 477 N.W.2d 886, 889 (Minn.1991). We reject the notion that the risk of ongoing criminal activity from the use of theft tools is merely hypothetical or insubstantial. Based on a reasonable determination that a more severe penalty for possession of theft tools will reduce theft by reducing the ongoing occasion to engage in theft for those carrying the tools to accomplish it, this classification also meets the requirements of equal protection under the Minnesota Constitution. *See Benniefield,* 678 N.W.2d at 47 (upholding classification, based on greater safety risk to children, which increased sentences for drug offenses in school zones); *cf. Russell,* 477 N.W.2d at 890–91 (striking down disparate sentencing scheme for crack and powder cocaine where no actual difference warranted this distinction).

## II.

■ Appellant next claims there was insufficient evidence to support his conviction for possession of a theft tool. He points to the fact that the state did not recover a tool or introduce one as evidence at trial. On review for sufficiency of the evidence, we are to consider whether the evidence and reasonable inferences from that evidence will support the jury's determination of guilt. *Bernhardt v. State,* 684 N.W.2d 465, 476 (Minn.2004). We also must assume that the jury believed the state's witnesses and disregarded any contrary evidence. *State v. Taylor,* 650 N.W.2d 190, 206 (Minn.2002). We must affirm if the jury, acting with due regard for the presumption of innocence, could reasonably conclude that the defendant was guilty beyond a reasonable doubt. *Bernhardt,* 684 N.W.2d at 476–77.

The offense for possession of a theft tool, Minn.Stat. § 609.59, provides that a person who "possess[es] any device ... with intent to use ... the same to commit burglary or theft may be sentenced to imprisonment...." The state's primary witness was a store detective who observed appellant by closed-circuit camera. The detective testified that appellant appeared to use a tool, cutting a cable that secured a jacket to a clothing rack, and attempted to remove the jacket from the premises. The severed cable was recovered, but the tool was not. When we consider this evidence in the light most favorable to the verdict, the jury could reasonably conclude beyond a reasonable doubt that appellant used a tool to execute the theft of the jacket. Therefore, we hold that there is sufficient evidence to support appellant's conviction.

Relying on videotape footage admitted as evidence at trial, appellant argues that it is "impossible" to determine whether a tool was in fact used. But the jury's determination was not limited to this footage alone; the jury could also make reasonable inferences based on the severed cable and the store detective's testimony. *See Bernhardt*, 684 N.W.2d at 476. We are precluded from deciding such factual inconsistencies on a review for sufficiency of the evidence and will not do so here. *See State v. Wilson*, 535 N.W.2d 597, 605 (Minn.1995) (noting appellate court will not retry facts).

## III.

 Appellant last contends that, in accordance with the right to a jury trial under the Sixth Amendment, it was unconstitutional for a judge to decide whether appellant exhibited a pattern of criminal conduct under the career offender sentencing statute, Minn.Stat. § 609.1095, subd. 4 (2002). Because this issue presents a question of constitutional law, we review de novo. *Henning*, 666 N.W.2d at 382.

In *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court concluded that where aggravating factors are used to justify an upward durational departure from a statutory guideline sentence, the Sixth Amendment mandates that those factors be tried before a jury. *Id.* at 2535, 2537. In *State v. Mitchell*, we concluded that Minnesota's career offender sentencing statute, Minn.Stat. § 609.1095, subd. 4, is within the ambit of *Blakely*.

687 N.W.2d 393, 400 (Minn.App.2004). Although the existence of prior convictions falls under an exception to the *Blakely* requirement of jury findings, an upward departure under the statute requires an admission or a jury verdict on the added finding that the convictions formed a pattern of criminal conduct. *Id.* at 399–400.

Because the district court determined that appellant's prior convictions formed a pattern of criminal conduct, we reverse appellant's sentence and remand for further proceedings.[2]

## DECISION

Because there is a rational basis to classify possession of a theft tool as a felony and the underlying theft as a gross misdemeanor, we uphold the constitutionality of the possession offense under the equal protection clauses of the United States and Minnesota Constitutions. Appellant's conviction is also supported by sufficient evidence. But because appellant's right to a jury trial precludes the district court's upward durational departure under the career offender sentencing statute, we reverse the sentence and remand for resentencing.

**Affirmed in part, reversed in part, and remanded.**

**2.** We reject appellant's assertion that, on remand for resentencing, the district court is required to impose a guideline sentence. *Cf. State v. Conger*, 687 N.W.2d 639, 645 (Minn. App.2004) (remanding with direction that any upward departure be supported by factual determination of aggravating factors).