*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0391**

James Edward Boutto, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed August 29, 2016
Affirmed
Reyes, Judge**

St. Louis County District Court
File No. 69VICV15516

Gordon C. Pineo, Deal & Pineo, P.A., Virginia, Minnesota (for appellant)

Lori Swanson, Attorney General, Cory Beth Monnens, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Jesson, Judge.

# UNPUBLISHED OPINION

**REYES**, Judge

On appeal from the revocation of his driving privileges, appellant argues that the implied-consent law violates his rights to equal protection and substantive due process. We affirm.

**FACTS**

On August 1, 2015, appellant James Edward Boutto was arrested for driving while impaired (DWI). The arresting officer read appellant the implied-consent advisory and informed appellant of his right to speak to an attorney. Although appellant elected to speak to an attorney, he was unable to reach one. The officer offered appellant a breath test, which appellant agreed to take. The test revealed that appellant's alcohol concentration was 0.19.

Appellant's driving privileges were revoked, and appellant moved to rescind the revocation, arguing that the implied-consent law violates his constitutional right to equal protection and that the implied-consent advisory violates his constitutional right to substantive due process. Following a hearing, the district court issued an order concluding that appellant's constitutional rights were not violated and sustaining the revocation of his driving privileges. This appeal follows.

**D E C I S I O N**

**I.**

Appellant first asserts an as-applied equal-protection challenge to the implied-consent law, contending that similarly situated people are treated differently for no rational reason.[1] Appellant argues that the implied-consent law deprives him of equal protection because the officer's choice of chemical test has different Fourth Amendment

---

[1] To the extent that appellant's argument could be interpreted as a facial challenge to the implied-consent law, appellant concedes that it is facially neutral. Therefore, appellant has waived any such argument. *See State v. Beaulieu*, 859 N.W.2d 275, 278 n.3 (Minn. 2015).

implications. Appellant therefore alleges that the implied-consent law allowed the officer to choose whether to "circumvent" or "forgo" appellant's Fourth Amendment rights. We are not persuaded.

The Fourteenth Amendment to the United States Constitution guarantees that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Minnesota Constitution also guarantees that "[n]o member of this state shall be disenfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." Minn. Const. art. 1, § 2. "Both clauses have been analyzed under the same principles and begin with the mandate that all similarly situated individuals shall be treated alike, but only invidious discrimination is deemed constitutionally offensive." *Kolton v. County of Anoka*, 645 N.W.2d 403, 411 (Minn. 2002) (quotation omitted). "The constitutionality of a statute is a legal question, which we review de novo." *State v. Brown*, 689 N.W.2d 796, 799 (Minn. App. 2004), *review denied* (Minn. Dec. 13, 2005). "Unless a fundamental right or suspect class is involved, statutes are presumed to be constitutional." *State v. Benniefield*, 678 N.W.2d 42, 45 (Minn. 2004).

Appellant's argument is premised on a mischaracterization of the implications of the officer's choice of chemical test. An officer's administration of a warrantless breath test does not run afoul of the Fourth Amendment. *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2184 (2016) ("[T]he Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving."), *aff'g State v. Bernard*, 859 N.W.2d 762 (Minn. 2015). By offering appellant a breath test, the officer did not deprive appellant of his Fourth

3

Amendment rights. *Id.* The officer administered the test consistent with the Fourth Amendment. *Id.* And appellant alleges no other invidious discrimination or bad faith by the state. Moreover, appellant has provided no evidence of intentional or purposeful discrimination. He has made only the bald assertion that his right to equal protection was violated. *See Hayes v. Comm'r of Public Safety*, 773 N.W.2d 134, 140 (Minn. App. 2009) (rejecting Hayes's equal-protection challenge to the implied-consent law based, in part, on Hayes's failure to offer evidence of discrimination); *State v. Hyland*, 431 N.W.2d 868, 873 (Minn. App. 1988) (concluding that Hyland's "general, conclusory allegation that discriminatory enforcement occurred" was "frivolous"). Therefore, we agree with the district court that appellant failed to establish a violation of his right to equal protection.

## II.

Appellant next contends that the implied-consent advisory was misleading, and therefore, his substantive due-process rights were violated. We disagree.

The Due Process Clauses of the United States and Minnesota Constitutions prohibit the state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1; *see also* Minn. Const. art. I, § 7. The constitutionality of a statute is a question that we review de novo. *State v. Melde*, 725 N.W.2d 99, 102 (Minn. 2006). "Minnesota statutes are presumed constitutional" and will be declared "unconstitutional only when absolutely necessary." *Id.* (quotation omitted).

Minnesota's implied-consent law provides that "[a]ny person who drives, operates, or is in physical control of a motor vehicle within this state or on any boundary

4

water of this state consents . . . to a chemical test of that person's . . . breath . . . for the purpose of determining the presence of alcohol."  Minn. Stat. § 169A.51, subd. 1(a) (2014).  "The test may be required of a person when an officer has probable cause to believe the person" has committed a DWI offense and "the person has been lawfully placed under arrest" for DWI.  *Id.*, subd. 1(b) (2014).  "[A]t the time a test is requested, the person must be informed: (1) that Minnesota law requires the person to take a test to determine if the person is under the influence of alcohol . . . ; [and] (2) that refusal to take a test is a crime."  *Id.*, subd. 2(a) (2014).

Appellant first argues that, in light of *State v. Trahan*, 870 N.W.2d 396 (Minn. App. 2015), *review granted* (Minn. Nov. 25, 2015), and *State v. Thompson*, 873 N.W.2d 874 (Minn. App. 2015), *review granted* (Minn. Feb. 24, 2016), the implied-consent advisory is misleading because it does not inform a person of his right to refuse a warrantless blood or urine test.  But *Trahan* and *Thompson* do not affect appellant's case. Appellant was offered a breath test, and a warrantless breath test is constitutionally permissible under the search-incident-to-arrest exception to the warrant requirement.  *See Birchfield*, 136 S. Ct. at 2184.

Appellant next argues that his substantive due-process rights were violated because he was threatened with a crime that "does not exist."  Appellant's substantive due-process argument is premised on his contention that his Fourth Amendment rights were violated.  In support of this argument, appellant cites to Kansas authority and urges this court not to follow the Minnesota Supreme Court's decision in *Bernard*, 859 N.W.2d 762.  But *Bernard* has been affirmed by the United States Supreme Court.  *See Birchfield*,

5

136 S. Ct. at 2184. And as previously noted, appellant's Fourth Amendment rights were not violated. Therefore, we need not further address appellant's substantive due-process argument. *See Trahan*, 870 N.W.2d at 403 (analyzing Trahan's substantive due-process challenge to the test-refusal statute only after concluding that a warrantless search of Trahan's blood would not have been constitutional under any exceptions to the Fourth Amendment's warrant requirement).

Appellant also cites *McDonnell v. Comm'r of Public Safety*, 473 N.W.2d 848 (Minn. 1991), to support his position that the misleading nature of the implied-consent advisory violated his substantive due-process rights. But as mentioned above, appellant's Fourth Amendment rights were not violated, thus ending our substantive due-process analysis. *Trahan*, 870 N.W.2d at 403. Moreover, *McDonnell* is distinguishable because appellant, unlike McDonnell, was threatened with a criminal penalty that could have been legally imposed on him. 473 N.W.2d at 855; *see also Birchfield*, 136 S. Ct. at 2184. Therefore, we conclude that, under the circumstances, the implied-consent advisory was not misleading and appellant's substantive due-process rights were not violated.

**Affirmed.**